HIRSCHBURG OPTICAL COMPANY v. S. A. JACKSON & CO.

1. WRITTEN CONTRACT.  *Parol evidence.  Fraud.*
    Parol evidence, the effect of which is not to vary or modify a written contract, but to show that it is not binding because of fraud therein, is admissible in a suit to enforce such contract.

2. SAME.  *Fraudulent representations.  Effect.*
    If an agent in offering goods for sale falsely represents to the buyer, who is ignorant as to the quality of the goods so offered, that A B, in whose judgment as to such goods the buyer has confidence, had given him an order for this class of goods and was a regular customer of the agent's principal, and thereby the buyer is induced to enter into a contract for the purchase of such goods as he cannot honestly offer to his customers, such representation is fraudulent and vitiates the contract.

3. SAME.  *Fraud therein, whether waived.  Acceptance of goods.*
    Where under a contract tainted with fraud goods are left without the knowledge of the buyer in his place of business by a third party, who has a general authority to deliver such goods as the buyer shall receive at the express office, and the same are returned to the seller as soon as the box containing them is opened and they are discovered, this does not constitute an acceptance under the contract of purchase.

APPEAL from the Circuit Court of Attala County.

HON. C. H. CAMPBELL, Judge.

A statement of the case will be found in the opinion of the court.

*Butt & Butt*, for the appellant.

1. The written contract signed by both parties is conclusive as to every material matter entering into the agreement.

2. Clark & McCoy, agents for appellees, accepted the goods in controversy at the Kosciusko depot from the express company, delivered them in the store of appellees, and the box containing the goods was opened by one of appellees' clerks.

3. The whole evidence by appellees should have been excluded by the court. Its object was to enlarge or modify the contract written and signed by the parties, by ingrafting new and different terms not expressed or implied in the same.

4. Fraud without damage is no ground for complaint. One cannot rescind a contract upon the ground that he "*suspects fraud.*" "The fraud must be material and injurious." See *Davidson* v. *Moss*, 5 H. 573, and *Davis* v. *Heard*, 44 Miss. 50, and the authorities there cited. Trade talk by a vendor, however untrue, and though it induces or causes vendee to enter into a contract, it affords no cause in law to rescind. The case of *Walker* v. *Mobile and Ohio Railroad Co.*, 5 George 248, is a much stronger case than the one at bar, and it seems settled beyond question that the fraud must be material and injurious to the vendee.

*Nugent & McWillie*, for the appellees.

1. It is evident that a fraud and imposition were practiced upon the appellee, and it also appears that he is not only blameless, but was active and alert in doing everything that the appellants could possibly expect of him.

2. The appellee relied on the truth of the statement about McLain & Nabor's purchase, and that, as he testifies, he would not otherwise have given the order, which was to be treated as rescinded in case that statement was not verified on his inquiry.

3. In this case the representation constituted under the circumstances a part of the consideration of the purchase, was known to be false by the seller, and was made by him to induce the appellee to act on the faith of it in such way that he would have incurred damage but for his prompt rescission of the contract and return of the goods. *Polhill* v. *Walter*, 3 B. & Ad. 122. In every case where a buyer has been imposed on by the fraud of the vendor he has the right to repudiate the contract, a right correlative with that of the vendor to disaffirm the sale when he has been defrauded. The buyer under such circumstances may refuse to accept the goods if he discover the fraud before delivery, or return them if the discovery has not been made until after delivery. Benj. on Sales (2d edition) 359. In the case at bar there was a positive declaration intended to deceive, while it has been held that the mere failure of the agent to remove a misapprehension of the buyer is sufficient to relieve the latter. *Hill* v. *Gray*, 1 Stark. 434.

COOPER, C. J., delivered the opinion of the court.

The appellees were merchants in the town of Kosciusko, and were approached by the agent of the appellants, who desired to make sale of a lot of spectacles. The appellees stated that they were not experts in judging of such articles, and were unwilling to sell them to their customers unless they could be assured of their quality by the fact that they had been purchased from a reputable firm. To satisfy the appellees that the appellants were reputable merchants, the agent represented that the firm of McLain & Nabors, merchants in an adjacent town, had been for years customers of the appellants, and had recently given an order for the same character of goods, and exhibited to the appellees an order purporting to be one made by that firm. Relying upon this statement, the appellees entered into a written contract for the purchase of a quantity of spectacles, but learning in a few days that the representations made by the agent respecting the dealings of McLain & Nabors with the appellants was totally false, they wrote to the appellants countermanding their order. After this letter had been dispatched, but before its reception by the appellants, the goods were shipped to the appellees, and were carried into their store a few days afterward by a person who was authorized to transport from the express office any goods which from time to time might be received directed to the appellees. As soon as the box was opened so that its contents were seen to be the goods shipped by the appellants, it was nailed up and returned to the express company consigned to the appellants.

Whether it was received by them from the express company does not appear. The appellees, being sued for the price of the spectacles, defended the action upon the ground that they had been induced to make the purchase by the false and fraudulent representations of the agent. The appellants seek to avoid the defense interposed, and insist that since the false statement does not appear in the written contract, no testimony can be introduced to establish the representations made by them, since the effect would be to vary the terms of the written contract; secondly, that the appellees, after they had knowledge of the falsity of the agent's statements,

received the goods from the express company ; and thirdly, that it does not appear that any damage was caused by the false statement.

Manifestly the parol evidence was admissible. Its effect is not to vary or modify the contract, but to show that there was no contract by reason of the fraud which had been perpetrated. The contention that the goods were received by the appellees after notice of the fraud is not sustained by the evidence. The fact that the goods, without the knowledge of the appellants, were carried into their store and at once returned when it was known what they were, does not make a reception of them by the appellees under their contract of purchase. It is true that the fraud must have been one from which damage would arise to justify a rescission of the purchase by the appellees, but on the facts disclosed the jury was warranted in finding that injury would have resulted by the appellees having to take goods with which they were unacquainted and which they were unwilling to sell in the course of their business, unless supplied by a firm with whom those on whose judgment they were willing to rely had dealt. The representation made by the agent was made for the purpose of inducing the appellees to purchase the goods ; it was false and fraudulent in its character, and was material by reason of the inexperience of the purchasers in dealing with such goods, and the injury which would result from their having goods which they could not honestly offer to their customers according to their course of trade.

*Judgment affirmed.*