DILLARD & COFFIN CO. v. WOOLLARD.

[87 South. 148, No. 21440.]

1. EXECUTORS AND ADMINISTRATORS. *Act requiring claims to be probated within one year refers to claims on which suit has not been brought during decedent's lifetime.*

Section 2107, Code of 1906 (Hemingway's Code, section 1775), requiring all claims against the estate of a deceased person to be "registered, probated and allowed . . . within one year, . . . otherwise the same shall be barred," refers only to claims upon which suit has not been instituted during the lifetime of the deceased.

2. EXECUTORS AND ADMINISTRATORS. *Suit against deceased defendant may proceed to judgment without probating claim against estate.*

Under section 2093, Code of 1906 (Hemingway's Code, section 1760), upon the death of defendant, where the executor or administrator has been served with a *scire facias* or summons, the suit may be proceeded with to final judgment without the claim being probated against the estate of the decedent. The *scire facias* or summons served on the executor does not make it a new suit, but it is merely a proceeding in the original suit.

3. STATUTES. *Each of several sections adopted at the same time must be given effect, if possible.*
Sections 2093, 2105-2108 (Hemingway's Code, sections 1760, 1773-1776), were adopted at the same time as a part of the Code of 1906. It is the duty of the court, in construing them, to give force and effect to each and every one of these sections, if such a reasonable construction be possible.

APPEAL from chancery court of Bolivar county.

HON. B. F. WASSON, Special Chancellor.

Suit by P. B. Woollard, executor of the estate of S. J. Simpson, deceased, against the Dillard & Coffin Company, to remove cloud on title. Decree for plaintiff on demurrer, and defendant appeals. Reversed, and bill dismissed.

*George Butler* and *G. E. Williams,* for appellant.

*J. W. Cutrer* and *Shands & Causey,* for appellee.

No brief for counsel of either side found in the record.

SYKES, J., delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Bolivar county overruling the demurrer of the appellant to the bill of complaint of the appellees. The bill and exhibits thereto present the following facts, namely: That the appellee, Woollard, is the surviving executor of the estate of S. J. Simpson, deceased. That during the lifetime of S. J. Simpson a suit was filed in the circuit court upon a note signed by E. W. and E. C. Moss as makers and S. J. Simpson as indorser. The Mosses filed no plea. Simpson filed a plea of *non est factum.* After the filing

of this plea the case was continued for several terms of court. Simpson then died, leaving a will. There was a contest about the will, pending which Woolard was appointed temporary administrator of the estate. The temporary administrator was duly served with a *scire facias* as provided by section 2093 of the Code of 1906. The chancery court having established the legality of the will, the two executors thereunder, one of whom was Woollard, were duly served with a *scire facias* under this same section.

Proper notice was given to creditors to probate their claims against the estate of Simpson. This note already in suit was not probated. No pleas were filed in the circuit court by the temporary administrator or the executors of the estate. The case proceeded to trial in the circuit court, where a verdict and judgment were duly rendered in favor of Dillard & Coffin Company. This judgment has been enrolled. The bill prays that this judgment be decreed unenforceable against the property or estate of Simpson and not a valid claim against it; that it is a cloud upon the title of the lands, and is an obstruction to the proper administration of the estate; and prays that the judgment be canceled and annulled.

There is but one question necessary for us to consider upon this appeal, and that is whether or not this note upon which suit had been brought during the lifetime of the testator, and which suit was pending at his death, should have been probated under section 2107, Code of 1906 (Hemingway's Code, section 1775), which provides that all claims against the estate of a deceased person shall be registered, probated, and allowed in the court in which the letters testamentary were granted within one year after the first publication of notice to creditors; otherwise they shall be barred and a suit shall not be maintained thereon in any court, even though the existence of the claim may have been known to the executor or administrator. If it were necessary to probate this note, its probation is now barred by this statute of limitation.

It is the contention of the appellee that the circuit court judgment is void; that under sections 2105, 2106, and 2107 of the Code of 1906 (Hemingway's Code, sections 1773, 1774, and 1775), there are laid down certain conditions precedent to be performed before a creditor can fix a charge upon the assets of a decedent; that until this is done there is no valid claim against the estate of the decedent that under section 2105 the executor "shall not pay any claim against the deceased, unless the same has been probated, allowed and registered;" that the making of the affidavit in the form prescribed by the statute and the filing of the claim with the clerk is jurisdictional; and that the court can acquire no jurisdiction of such claim until those duties have been performed, and any judgment rendered by a court on an unprobated claim is rendered in direct contravention of the statute, and is therefore void.

It is the contention of the appellant that the statutes above referred to, requiring claims to be probated, do not apply to a claim upon which suit is pending at the time of the death of the testator, and in which suit the testator has contested the liability by his plea; that this case is controlled by section 2093 of the Code. This section provides that, when either of the parties to a personal action dies before final judgment, the executor or administrator of such deceased party may prosecute or defend such action and the court shall render judgment for or against the executor or administrator. The section then provides for the issuance of a *scire facias* or summons to bring the executor into court. It is not provided in this statute, nor in any other, that a claim in suit upon the death of the defendant shall be probated, but that the suit may be revived against his personal or legal representative. Section 2093 of the Code of 1906 (Hemingway's Code, section 1760), was passed for the express purpose of preventing suits from abating upon the death of either party thereto.

The circuit court had jurisdiction of both the parties and subject-matter of this suit. The *scire facias* or sum-

mons served on the executor does not make it a new suit but is merely a proceeding in the original suit. *Brecken-ridge's Adm'r* v. *Mellow's Adm'r,* 1 How. 273. If the contention of the appellee were correct, then it would have been the duty of the appellant to file the original note with proper affidavit as required by section 2106 with the clerk of the chancery court; then, under section 2108, the executor or others could contest the claim, and either the chancery court or the chancery clerk would refer it to an auditor. Under this contention the case would in reality be taken from the circuit court where the suit was pending, and the contest, under these sections, waged in the chancery court. This would then be an abatement of the pending suit in the circuit court directly in contravention of the terms of section 2093. While section 2107 says that all claims must be probated, this court has held that certain claims presenting contingent liabilities, and claims arising *ex delicto,* do not have to be probated.

Sections 2093 and 2105-2108 were adopted at the same time as part of the Code of 1906, and are in the same chapter of the Code. It is our duty in construing them to give force and effect to each and every one of these sections, if such a reasonable construction be possible. In considering them together as to their intent and their phraseology, we are of the opinion that it is not necessary to probate a claim upon which suit has been brought during the life of the deceased, but that the suit may be continued by serving the executor or administrator with a *scire facias* or summons as expressly provided by section 2093. That section 2107, requiring all claims to be probated, refers to claims upon which suit has not already been instituted during the lifetime of the deceased.

The decree of the lower court is reversed, and decree will be entered here sustaining the demurrer and dismissing the bill.

*Reversed and dismissed.*