HENRY *et al. v.* W. T. RAWLEIGH Co.[*]

(Division A.    Jan. 28, 1929.)

[120 So. 188.    No. 27475.]

---

*Corpus Juris-Cyc References: Evidence, 22CJ, section 1623, p. 1218, n. 81; Executors and Administrators, 24CJ, section 940, p. 321, n. 60; Guaranty, 28CJ, section 65, p. 925, n. 34; section 190, p. 1022, n. 43: section 198, p. 1028, n. 46; On admissibility of parol evidence to contradict or vary the terms of a written guaranty, see 12 R. C. L. 1095; On liability on guaranty or surety obligation obtained by fraud, see annotation in 21 L. R. A. 411; 12 R. C. L. 1075; 2 R. C. L. Supp. 1544.

*J. L. Byrd* and *C. E. Johnson,* for appellants.

*D. M. Anderson* and *G. H. Banks,* for appellee.

McGowen, J.   The appellee, the W. T. Rawleigh Company, filed its declaration in the circuit court of Newton county against the appellants, W. C. Henry and others, on the open account of W. C. Henry for goods sold him by virtue of a letter of guaranty signed by E. J. Pearson and T. C. and A. E. Butts, in which these named parties guaranteed unconditionally the payment of Henry's account with the Rawleigh Company, then due or owing, or any sum that might become due or owing, and all indebtedness incurred by Henry in the course of the contract between the Rawleigh Company and Henry, as seller and buyer.

In addition to this, the following clause was in the letter of guaranty, exhibited as part of the declaration, and as part of the ground of this suit: "It is hereby mutually understood and agreed that this contract of guaranty is conclusive and binding on the party or parties who sign it, whether the same is signed by any other party or parties or not, and that any statement or representation made by any person as to the undertakings of the guarantor or guarantors other than as herein expressed, or as to who or how many parties are to sign this guaranty, shall in no wise affect the rights of the company; and it is mutually understood that this is to be a continuing guaranty."

The declaration sets forth an itemized statement of indebtedness of Henry to Hawleigh Company in the sum of eight hundred sixty-seven dollars and five cents.

The appellants plead the general issue, and, in addition thereto, filed four special pleas, two of which were based upon fraud, and the third undertook to set up that there had been no acceptance by the company of the guaranty of these defendants.

The fourth special plea was on behalf of Pearson's administrator, and sought to interpose as defense that the claim upon which the suit was based had not been probated against the estate of E. J. Pearson.

Demurrers were interposed to all of the special pleas, evidently upon the ground that parol evidence was inadmissible on a charge of fraud, to contradict, vary, or alter the valid written instrument upon which the suit was based.

We here set out special plea No. 1 *in hæc verba*: "Come defendants T. C. Butts, E. A. Butts and Lea Pearson, Administratrix, of the estate of E. J. Pearson, deceased, by their attorneys, and file this first special plea, permission of the court first having been obtained to do so. They say *actio non*, because, they say, they were induced to sign the guarantee sued on by the wilful, wanton and fraudulent misrepresentations made to them at the time they executed said guarantee by the agent of the plaintiff. That said agent stated to these defendants that W. C. Henry, the other defendant herein, owed plaintiff nothing at the time; which said statement was made by said agent for the purpose of inducing these defendants to sign the guarantee sued on, which statement said agent knew to be false and fraudulent; that by reason of said false and fraudulent statement these defendants were induced to sign said guarantee; that at the time said false and fraudulent statement was made as aforesaid, the said W. C. Henry owed the plaintiff more than five hundred dollars, which was then and there known to said agent, and was unknown to these defendants, and this these defendants were ready to verify."

We think the court was in error in sustaining the demurrer to this plea.

It will be noted that the plea contains the statement that they were induced to sign the writing on the statement of the agent that Henry at that time did not owe the Rawleigh Company anything, when the truth was he at that time owed this company more than five hundred dollars; that this statement was false, and was known to be false by the agent, but was not known by the defend-

ant; and that they were induced to sign the guaranty because of said representation.

The general rule is that parol evidence is permissible to show that the making of the contract was procured by fraudulent representations. Evidence of this kind does not change the contract—it destroys and avoids it. When fraud is established, the validity of the contract is impeached; and the mere writing in a contract that it contains all the provisions does not add anything to its strength, because presumably all complete contracts contain all the things which the parties desire therein when they execute same.

This plea presented squarely the issue of whether or not this contract was procured by fraud. A party might be perfectly willing to guarantee another man if he were clear of debt, when he would not consider signing a guaranty for the same party, already owing a considerable sum to the party who is securing the guaranty; and the rule that fraud vitiates such a contract seems to be quite general. See *Elliott* v. *Connell,* 5 Smedes & M. 91; *Wren* v. *Hoffman,* 41 Miss. 616; *Hirschburg Optical Co.* v. *Jackson,* 63 Miss. 21; *Patton-Worsham Drug Co.* v. *Planters' Mercantile Co.,* 86 Miss. 423, 38 So. 209.

This case is not in line with the case of *J. B. Colt Co.* v. *Odom,* 136 Miss. 651, 101 So. 853, wherein the contract stipulated that the agent was not authorized to make any representation, and had not made any representations, and so that case is not persuasive here.

We think the court correctly sustained the demurrer to the other plea, and we especially note the plea filed by the administrator of Pearson.

While the suit was pending, Pearson died, and his administrator filed a plea to the effect that the claim had not been probated, and therefore the suit could not be maintained, the time having elapsed for the probation of the claim; insisting that section 1851, Hemingway's Code of 1927 (section 2107, Code of 1906), required that all

persons shall register their claims, etc. This precise point has been settled in the case of *Dillard & Coffin Co.* v. *Woolard*, 124 Miss. 677, 87 So. 148, in which case this court held that the section cited *supra*, requiring all claims against the estate of a deceased person to be registered, probated, and allowed within one year, otherwise the same to be barred, applies only to claims upon which suit has not been instituted during the lifetime of the deceased, and that this section should be construed in the light of section 2093 of the Code of 1906 (section 1836, Hemingway's Code of 1927).

For the reason that we are of the opinion that the court erred in overruling the plea above set forth, this case must be sent back for a trial upon the issue raised by that plea.

*Reversed and remanded.*