HUDSON COUNTY CIRCUIT COURT.

MARY PULL, PLAINTIFF, v. GEORGE NAGLE, AS EXECUTOR OF THE ESTATE OF PAUL B. STETKA, DECEASED, DEFENDANT.

For the plaintiff, *Kappes & Hille.*

For the defendant, *Joseph H. Gaudielle.*

BROWN, C. C. J. The plaintiff moves to strike out the first and fifth separate defenses filed by the defendant in answer to an amended complaint. The defenses are to the effect that the claim, upon which suit is brought, is barred by a rule limiting creditors allowed by the surrogate of Bergen county on the 10th day of March, 1929. The suit is based upon an alleged breach of contract to repay a sum certain entrusted by the plaintiff to the defendant's testator, in the latter's lifetime, to invest in specified securities.

The summons and complaint were served on Paul B. Stetka on November 20th, 1928. After issue was joined in the cause and the case listed for trial Stetka died on April 28th, 1929. In his will Stetka nominated George Nagle as his executor. Upon notice to the defendant and on the application of the plaintiff on May 16th, 1930, an order was entered in the cause substituting the name of

George Nagle as executor of the estate of Paul B. Stetka, deceased, as defendant. The amendment did not change the character or substance of the cause of action but resulted in a substitution of parties; notwithstanding, the substituted defendant filed an answer including the defenses sought to be stricken. The fifth separate defense in addition to attempting to plead the rule limiting creditors as a bar to the plaintiff's action also pleads that the bar has the effect of a statute of limitations. Those defenses are not properly pleaded under the fifth separate defense as the defendant fails to plead the rule to limit with the degree of particularity required by *Ryan* v. *Flanagan*, 38 *N. J. L.* 161, and *In re Estate of Steelman*, 90 *Id.* 184. If the defendant intended to plead a statute of limitations he has failed to do so for a like reason. Furthermore, a rule to limit has not the effect of a statute of limitations. The former bars actions against an executor or administrator but all other remedies of the creditors remain unimpaired. *O'Donnell* v. *McCann*, 77 *N. J. Eq.* 188, 196.

The plaintiff's action is of that class that might be originally prosecuted or maintained against the executor, and under the Abatement act of this state the action did not abate on the death of Paul B. Stetka. 1 *Comp. Stat.* 1910, *p.* 4; *Alpaugh* v. *Conkling*, 88 *N. J. L.* 64.

Disregarding the niceties of pleading and assuming the first separate defense is properly pleaded, the question to be determined is whether the plaintiff's action is a bar because of his failure to present his claim to the executor notwithstanding the suit pending. The object of the act (*Pamph. L.* 1920, *p.* 96) requiring creditors to present their claims within time is to inform the personal representative of the claims which may be outstanding against the estate of their decedent, that they may know how to administer it and not be subject to suit after they have disbursed all the assets. The case of *Newbold* v. *Fenmore*, 53 *N. J. L.* 307, does not present the same situation as the case at bar. In the Newbold case suit was brought against the personal representative of the testator and not against the testator during his

lifetime. In that case there was no reason to consider the provision of the Abatement act. The ruling in the Newbold case cannot be followed without doing violence to the provisions of the Abatement act and abating the instant case that has rightfully been determined to survive the death of Stetka. This procedure should not be sanctioned. *The Home* v. *Selling,* 21 *A. L. R.* 409.

A statute requiring presentation of a claim to an executor or administrator before a suit can be brought on it has been held to be inapplicable to those cases where a suit was commenced against the testator or intestate before his death, and was revived against his representatives after his death. 34 *A. L. R.* 373, and cases thereunder cited. 24 *Cyc.* 746.

The plaintiff's motion is sustained and an order will be entered to that end.