**ROACH et al. v. FIRST NAT. BANK OF MEMPHIS.**

**No. 7793.**

Circuit Court of Appeals, Fifth Circuit.

July 29, 1936.

Wm. Harold Cox, Geo. Butler, and Chas. B. Snow, all of Jackson, Miss., for appellants.

J. L. Roberson and Sam C. Cook, both of Clarksdale, Miss., for appellee.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment granting an interlocutory injunction. The following appears from the record:

First National Bank of Memphis, appellee, was the holder of a note made by Merchants Bank & Trust Company in the sum of $10,000, upon which A. C. Cox and others were indorsers. The note matured and was not paid. Cox died and his estate was opened. Claim against him on the note was filed and recognized in the probate proceedings. His administrator, J. Gordon Roach, one of appellants, then brought suit in a state court of Mississippi to contest the claim. This suit was removed to the federal court. Before removal the state court had appointed an auditor in the case. After removal, Roach, through his attorneys, who are the other appellants, took steps to have the auditor consider and report on the claim. Appellee then filed an ancillary bill in the federal court, praying for a restraining order and interlocutory and final injunctions to prevent Roach and his attorneys from further proceeding in the state court. This appeal is from a decree granted in response to the prayer of the bill.

On the hearing of this appeal it was suggested that the case is moot because appellee also entered a suit at law in the federal court to recover against appellant on the note and the verdict went against it. However, it appears from the record in that case that the verdict was returned on May 11, 1935, but judgment was not entered on the verdict. Plaintiff filed a motion for a new trial, on August 26, 1935, which is still pending. We assume that a decision on the motion for a new trial has been delayed for good reasons and, as the judgment is not final, the case before us is not moot. We cannot consistently longer delay passing on the appeal.

Appellee could have brought suit in the federal court initially to establish its claim against the estate of Cox, subject to be paid in due course of administration. Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 54 L. Ed. 80. The proceeding by the administrator to expunge the claim was removable. Hess v. Reynolds, 113 U.S. 73, 5 S. Ct. 377, 28 L.Ed. 927. It is well settled that a federal court may restrain a party to a suit removed from attempting to proceed further in the case in the state court after removal. See Madisonville Traction Co. v. Saint Bernard Mining Co., 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462. The granting of an interlocutory injunction is usually within the sound discretion of the District Court. We find no abuse of discretion in this case.

The record presents no reversible error.

Affirmed.

WALKER, Circuit Judge, concurred in the disposition of this case, but died before the opinion was handed down.