(No. 51717.—

SAMUEL BERKE, Appellant, v. FIRST NATIONAL BANK & TRUST COMPANY IN ALTON, Ex'r, Appellee.

*Opinion filed November 21, 1979.*

CLARK, J., took no part.

Don H. Reuben and James A. Klenk of Reuben & Proctor, of Chicago, for appellant.

Albert E. Jenner, Jr., Charles J. O'Laughlin and Kathleen J. Purcell, of Jenner & Block, of Chicago, for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

This case presents what would seem to be the final chapter in the protracted litigation involving an attempt by Samuel Berke, as receiver of the defunct City Savings Association of Chicago, to recover from the estate of

Joseph E. Knight, former director of the Department of Financial Institutions of the State of Illinois, losses suffered by the Association's depositors. (*Tcherepnin v. Franz* (N.D. Ill. 1975), 393 F. Supp. 1197; *Tcherepnin v. Franz* (N.D. Ill. 1976), 424 F. Supp. 778, *aff'd* (7th Cir. 1978), 570 F.2d 187, *cert. denied* (1978), 439 U.S. 876, 58 L. Ed. 2d 190, 99 S. Ct. 214.) The details of that litigation, other than as hereinafter noted, are not relevant to the disposition of this case except that the Federal litigation culminated in a 1976 judgment of the United States District Court for the Northern District of Illinois, Eastern Division, against the executor of the Knight estate and in favor of the receiver in the amount of $13,969,504.

The question before us is whether the inventoried assets of the Knight estate are subject to that judgment when the receiver's claim was not filed in the probate proceedings within the 6-month statutory period for filing claims against the estate. Section 204 of the Probate Act, occasionally referred to as a nonclaim statute, provides in pertinent part:

> "All claims against the estate of a decedent, except expenses of administration and surviving spouse's or child's award, not filed within 6 months from the issuance of letters testamentary or of administration are barred as to the estate which has been inventoried within 6 months from the issuance of letters." (Ill. Rev. Stat. 1973, ch. 3, par. 204.)

The circuit court of Jersey County disallowed the receiver's claim, since it was not filed within the 6-month statutory period. We allowed the receiver's motion for direct appeal to this court (58 Ill. 2d R. 302(b)). We reverse.

Joseph E. Knight died April 2, 1973, during the pendency of the district court suit in which he was a defendant. On April 6 the Jersey County circuit court appointed the First National Bank & Trust Company In

Alton (the bank) as administrator to collect, and on May 16 letters testamentary were issued to it as executor of the decedent's will. On May 7 a motion was filed in the Federal suit to substitute the bank as a defendant in its capacity as administrator to collect, and to add it as a party in its capacity as executor as soon as it was so appointed. A Federal marshal served the bank, in its representative capacity, with summons on that date, and an order of substitution was entered by the district court on May 30. Thereafter counsel for the executor defended against the receiver's complaint in the district court, appealed the judgment earlier referred to, and sought *certiorari* from the United States Supreme Court when the judgment was affirmed by the court of appeals.

The early opinions of this court make clear that prior to the adoption of the 1964 constitutional amendment merging into a single circuit court the various trial courts of this State, the substitution of the executor as a party defendant in the Federal court proceeding would have constituted a sufficient compliance with the statutory provisions relating to the filing of claims against estates. *Hood v. Commonwealth Trust & Savings Bank* (1941), 376 Ill. 413, 427-28; *Morse v. Pacific Ry. Co.* (1901), 191 Ill. 356, 361; *Darling v. McDonald* (1882), 101 Ill. 370, 377-81; *Diversey v. Johnson* (1879), 93 Ill. 547, 559-61.

Defendant, however, asserts that the reason for this rule was that prior to 1964 the courts with probate jurisdiction (county courts and, in some larger counties, probate courts) were courts of limited jurisdiction having no power to adjudicate, for example, a tort claim against a decedent or his personal representative. Consequently, urges defendant, whenever such claims are pending or filed in other courts and the decedent's personal representative was served with summons during the period for filing claims in the probate proceeding, it was necessary to consider that action as having been "filed" within the

statutory period for filing claims in the estate proceedings. While that argument appears plausible on first reading, it loses its appeal when one realizes that there existed no reason under the former system why a claim summarizing the nature of the action in another court could not have been filed in the probate proceedings, which is precisely what the executor is urging should have been done here. The receiver could have filed in the Jersey County circuit court a notice stating the claim was pending in the Federal district court. In fact, at one point in the proceedings it appears that the receiver had indicated an intention to do so. His failure to carry out that intention, however, does not appear to us significant, for it would have given the executor no information it did not already have.

Apart from that, however, there is in the controlling opinions of this court earlier cited no determination that the rule of law there announced was contingent upon an absence of jurisdiction in the probate court to hear the action on which the estate claim was based. Nor does there appear to be support for such rationale in the other jurisdictions embracing this general rule (see, *e.g., Newman v. Gates* (1904), 165 Ind. 171, 72 N.E. 638, *error dismissed* (1907), 204 U.S. 89, 51 L. Ed. 385, 27 S. Ct. 220; *Goehring v. Dillard* (1945), 145 Ohio 41, 60 N.E.2d 704; *Nelson v. Kittelson* (1947), 71 S.D. 535, 27 N.W.2d 200; *Schilling v. Biggs* (1933), 108 Fla. 351, 146 So. 559; *Kornblum v. Heflin* (Fla. App. 1966), 183 So. 2d 843; *Henry v. W. T. Rawleigh Co.* (1929), 152 Miss. 320, 120 So. 188; *Dillard & Coffin Co. v. Woollard* (1921), 124 Miss. 677, 87 So. 148; *Pull v. Nagle* (1930), 8 N.J. Misc. 653, 151 A. 385; *Romero v. Hopewell* (1922), 28 N.M. 259, 210 P. 231; *In re Ledyard's Estate* (1939), 21 N.Y.S.2d 860, *aff'd* (1940), 259 App. Div. 892, 20 N.Y.S.2d 1006, *reargument denied* (1940), 259 App. Div. 1029, 21 N.Y.S.2d 390, and (1941), 261 App. Div. 827, 24 N.Y.S.2d 780; *Alexander v. Highfill* (1943), 18 Wash.

2d 733, 140 P.2d 277; see also 31 Am. Jur. 2d *Executors and Administrators* sec. 271, at 141 (1967); 34 C.J.S. *Executors and Administrators* sec. 396, at 160 (1942)), nor among the writers who have examined this general rule. See 4 W. James, Illinois Probate Law and Practice sec. 204.9 (Supp. 1975); 1A Horner Probate Practice and Estates secs. 405, 407, 417 (4th rev. ed. 1977), and 2 J. Woerner, American Law of Administration sec. 387, at 1251 (3d rev. ed. 1923).

Where a new suit is first filed in a different court subsequent to decedent's death, there is some authority holding that service of summons upon the personal representative is insufficient to satisfy the requirement that the claim be "filed" or "exhibited" in the probate proceedings. (See, *e.g., Flynn v. Driscoll* (1924), 38 Idaho 545, 223 P. 524; *Vanderpool v. Vanderpool* (1914), 48 Mont. 448, 138 P. 772; see also 2 J. Woerner, American Law of Administration sec. 387, at 1252 n.3 (3d rev. ed. 1923).) However, where decedent was defending against the suit at his death, as here, and the personal representative of the estate is served with summons and substituted as a party defendant during the statutory period for filing claims in the probate proceedings, the rule is virtually unanimous that such action is sufficient to comply with the nonclaim statute. The few cases reaching a result different from ours are, in the main, those construing distinguishable statutory provisions. (See, *e.g., Windsor Hosiery Mills, Inc. v. Haren* (1969), 222 Tenn. 479, 437 S.W.2d 248.) The appellate court in California, however, seems to have reached incompatible conclusions. *Wood v. Brown* (1974), 39 Cal. App. 3d 232, 114 Cal. Rptr. 63; but *cf. Pelser v. Pelser* (1960), 177 Cal. App. 2d 228, 2 Cal. Rptr. 259.

We find it significant, too, that despite the 1963 revision of the Probate Act, which was enacted subsequent to approval of our unified trial court system in 1962 but

prior to its 1964 effective date, and the amendments to that act subsequently adopted, the General Assembly did not attempt to abolish or modify this long-standing rule. In fact, the commentary accompanying the 1963 amendments evidences an intent to preserve the rule. As chairman of the Illinois State Bar Association Committee for the adoption of uniform probate rules, Judge Earl Shopen of the Sixteenth Judicial Circuit (probate division), observed:

> "The legal representative of the estate can still be sued in other courts. For example, in the federal court where there is a diversity of citizenship, and in the circuit court of another county of Illinois when there are multiple defendants with multiple counties of residence or when the tort *** occurred in another county. ***
>
> This conclusion is not affected by the 1963 repeal of old Section 207 of the Probate Act which provided that the jurisdiction of the Probate Court over claims should not be construed to exclude the jurisdiction of such other courts. The repeal of that Section in 1963 does not mean that other courts have lost their concurrent jurisdiction when the requirements for their venue are supported by the facts.
>
> The nine months limitation for filing tort or other claims against the estate imposed by Section 204 of the Probate Act is interpreted to mean that within the nine months, the *claims must be filed in the probate proceeding under Section 192 or the summons must be served in the suit commenced in a court elsewhere.*" (Emphasis added.) (Shopen, *Changes in Probate Procedure*, 52 Ill. B.J. 772, 776 (1964).)

This interpretation is supported, too, by a 1977 commentary offered by the Probate Practice Committee of the Chicago Bar Association. That committee concluded in response to an inquiry as to whether legislation or amended supreme court rules should be sought to exempt from filing in the probate division a claim for a cause of action timely filed in another division of the circuit court, that such a claim could, but need not be, filed and "that

this represents a desirable state of affairs, and that being the case, we agreed that no further action is necessary. Since the law in its present state does not require it, we see no reason to request a rule or statute which *states* that it isn't required." (Emphasis in original.) Chi. B. Ass'n Op. (May 11, 1977).

The Federal district court judgment involved was rendered in a case which had been pending against decedent at his death; the executor of his will was substituted as a defendant and served with summons shortly after decedent's death and well within the six-month statutory period for filing claims; and he thereafter defended on behalf of the estate. We have no doubt that the general rule, prevailing in Illinois, permits the judgment creditor to collect that judgment from *all* assets of the estate and not just those inventoried after passage of the six-month claim period.

We accordingly reverse the judgment of the circuit court of Jersey County and hold that collection of the Federal district court judgment is not limited to after-inventoried assets. The cause is remanded to the circuit court of Jersey County for further proceedings consistent with this opinion.

*Reversed and remanded.*

MR. JUSTICE CLARK took no part in the consideration or decision of this case.