96 Ill. App.3d 1137 (1981)
421 N.E.2d 1034
In re ESTATE OF ADA L. RICE, Deceased.  (DANIEL F. RICE, JR., Appellant,
v.
CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO et al., Appellees.)
No. 80-419.
Illinois Appellate Court  Second District.
Opinion filed June 3, 1981.
*1138 Hartman E. Stime, of Peregrine, Stime & Newman, of Wheaton, and Louis G. Davidson and John B. Davidson, both of Chicago, for appellant.
Charles J. O'Laughlin, Michael J. Rovell, and Dorothy B. Zimbrakos, all of Jenner & Block, of Chicago, for appellees.
Reversed and remanded.
Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:
Daniel F. Rice, Jr. (Rice), filed a document, entitled a "Claim," in the probate proceedings pending in the estate of Ada Rice, deceased, in Du Page County. (For other aspects of litigation in the Rice estates see In re Estates of Rice (1979), 77 Ill. App.3d 641.) In the body of the document Rice sought an amount sufficient to satisfy any judgment which might be recovered under a complaint filed simultaneously in the Federal District Court "for damages for wrongfully and unduly influencing Daniel F. Rice to virtually disinherit claimant and for conspiring to prevent claimant from contesting the will of his father," as set forth in the complaint attached. Ultimately the trial court set the matter for trial and ordered depositions taken, over Rice's objection; and upon Rice's failure to appear for the deposition, dismissed the proceedings with prejudice.
The document in question was filed on November 2, 1977. Following the resolution of the earlier appeal the trial court set April 24, 1980, as a hearing date. Rice objected to the setting of the date on the ground that his claim was contingent upon the outcome of his Federal suit.
On March 20, 1980, attorneys for the appellees, executors of the estate, presented a motion to compel Rice's attendance at a deposition in Illinois. At that time Rice did not deny he was subject to having his deposition taken but maintained it should be taken in the State of California where he was then a resident. The court ordered him to submit to a deposition in California, further stating in the order: "Failure to do so will be basis for denying his claim against this estate."
On March 28, 1980, the executors sought a date certain for the deposition on the ground that Rice was not cooperating. Rice argued in *1139 response that his claim was contingent and that the discovery stay ordered in Federal court precluded him from attending the deposition. He further objected to the April 24 date on the grounds that the Federal action should be tried before his contingent claim was required to be acted upon.
The court reaffirmed the April 24 hearing date and ordered the deposition for April 10, 1980. On that date the executors filed a motion to dismiss Rice's claim with prejudice, alleging that he had failed to appear for the court ordered deposition. On April 18 Rice filed a "Notice of Withdrawal of Notice of Claim."
On April 22, 1980, arguments were heard on the motion to dismiss. Rice took the position he would be in contempt of court if he attended the deposition in the face of the Federal court's stay of discovery. He also maintained that his withdrawal of the claim effectively mooted the point. The executors responded that the Federal stay order had no effect on the State proceeding and that Rice had not followed correct procedures to obtain a voluntary nonsuit.
Rice in rebuttal asserted that section 52 of the Civil Practice Act, governing voluntary dismissals, did not apply to a withdrawal of a claim in probate. After further argument, the court inquired of Rice's attorney whether he was ready to proceed on April 24 and after the response that appellant was not ready the court dismissed the "claims" with prejudice.
On May 8, 1980, the appellant presented a motion to vacate the dismissal with prejudice, arguing that the sanction was not justified by Rice's conduct. The court again inquired whether the appellant was prepared to go to trial and, upon receiving a negative response, denied the motion to vacate the dismissal. Rice has appealed.
Initially, we know of no basis for Rice's claimed belief that proceeding with discovery in Du Page County would violate an order entered in the Federal District Court staying discovery and place him in contempt of court. Federal Judge Grady's order explicitly stated: "I do not control discovery in the State case."
Rice principally contends that his filing was actually a notice of a possible future claim which was contingent and that therefore nothing was presented to the court to rule upon. He alternatively argues that his withdrawal of the document amounted to a voluntary dismissal pursuant to section 52 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 52); and that, in any event, the trial court abused its discretion in imposing the extreme sanction of dismissal for failure to appear at a deposition.
 1 We conclude that the trial court had the authority to adjudicate the matter presented to it by the filing of the document in the form of a claim in the probate court. Rice's argument that the probate court has no authority to rule on a contingent claim is misapplied. A contingent claim is *1140 defined as one in which liability is dependent upon a future event, the happening of which is not within the control of either party and which might or might not happen. (Sanders v. Merchants State Bank (1932), 349 Ill. 547, 568.) Here, of course, the basis for liability against the estate which Rice asserts is predicated on events which occurred before the death of Ada L. Rice. The fact that the liability under the claims depends on future adjudication on the merits obviously cannot deprive the court of authority to hear the matter, as this may be true in every claim presented to the probate court. The Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110 1/2, par. 18-1) specifically provides that a claim against the estate of a decedent "whether based on contract, tort or otherwise" may be filed in the proceeding for the administration of the estate. Moreoever, section 18-4 of the Act permits both the filing and adjudication of a claim "that is not due." (Ill. Rev. Stat. 1979, ch. 110 1/2, par. 18-4.) A division of the circuit court in probate may entertain a tort claim not yet adjudicated (Berke v. First National Bank & Trust Co. (1979), 77 Ill.2d 452, 457-58), or an unadjudicated claim based on contract. In re Estate of Likes (1972), 6 Ill. App.3d 976, 978.
Further, the trial court was not obligated to treat the document filed in the probate proceedings as a mere notice of action pending in the Federal courts. There is no statute or court rule recognizing the filing of such notice. There is dicta in Berke which suggests that a claimant may file a notice in the probate proceedings "stating the claim was pending in the Federal district court." (77 Ill.2d 452, 455.) The court, however, indicated it would have given the executor no information it did not already have when it was served with summons in the Federal suit during the period for filing claims. The actual holding in Berke was that the pendency of a complaint against an executor in Federal court excused compliance with the six months limitation period on filing claims contained in section 18-12 of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110 1/2, par. 18-12); and that the mere pendency of the Federal suit preserved a claimant's right to share in the distribution of the assets of an estate if ultimately successful. 77 Ill.2d 452, 458.
Berke, however, did not address the question whether the State court must allow the Federal court to adjudicate the claim against the assets of the estate pending in the State court. This question appears to be at the heart of the dispute in this case, yet was not forthrightly addressed in the trial court proceedings.
On appeal, Rice only argues in his appellant's brief that the State court did not obtain jurisdiction over his claim. For the first time in his reply brief he has argued directly that, in any event, the Federal court had acquired jurisdiction and that it therefore had priority against the attempted exercise of the probate court's concurrent jurisdiction. At the *1141 March 28 hearing he objected to setting a trial date on the grounds that the Federal action should be tried before his claim was acted upon, but this theory was not pursued. He did not follow formal procedures to stay the proceedings in the State court. "The staying of proceedings in a state court pending determination of an action in a federal court is not a matter of right, but rests on the rule of comity and involves the exercise of discretion, which will not be interferred with unless clearly abused." (Henry v. Stewart (1969), 203 Kan. 289, 293, 454 P.2d 7, 11. See also Comment, Federal Court Stays and Dismissals in Deference to Parallel State Court Proceedings: The Impact of Colorado River, 44 U. Chi. L. Rev. 641 (1977).) Since the issue was not properly addressed, we do not decide whether the trial court abused its discretion in forcing Rice's claim to trial in the estate proceedings.
 2 Rice also may not rely on his attempted withdrawal of his claim (subsequently refiled) as a voluntary dismissal under section 52 of the Civil Practice Act. That section provides as pertinent:
"The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or his attorney, and upon payment of costs, dismiss his action or any part thereof as to any defendant, without prejudice, * * *." (Ill. Rev. Stat. 1979, ch. 110, par. 52(1).)
While Rice sought to withdraw his claim before the hearing on the motion to dismiss he made no effort to bring himself within section 52 as he failed to tender costs to the executors as required. In fact, Rice still maintains that he should not be liable for costs since his withdrawal did not have to comply with section 52. His apparently purposeful failure to tender costs precludes his reliance on section 52 as giving him the absolute right to a dismissal.
 3 We also reject Rice's contention that he is not a "plaintiff" as designated in section 52. We find no reason to distinguish a claimant from a plaintiff. Section 1-6 of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110 1/2, par. 1-6) makes the Civil Practice Act applicable in probate proceedings. It would therefore appear appropriate that section 52 govern the withdrawal of claims, since no similar provision in the Probate Act is present. Otherwise there would be no procedural provision in the statute which would allow the withdrawal of claims without prejudice in probate proceedings.
 4 We therefore conclude that the trial court possessed authority to require that the subject matter of Rice's claims against the executors proceed with the taking of a deposition pursuant to the judge's order. We do not agree, however, that the ultimate sanction of dismissal with prejudice was a proper exercise of the trial court's discretion in the circumstances of this case. We have noted that Supreme Court Rule 219(c) *1142 (Ill. Rev. Stat. 1979, ch. 110A, par. 219(c)) "provides for a variety of flexible methods of imposing sanctions necessary to accomplish discovery, short of the drastic measure of entering a default judgment." (Cedric Spring & Associates, Inc. v. N.E.I. Corp. (1980), 81 Ill. App.3d 1031, 1037.) We have noted that the purpose of discovery sanctions is to compel compliance rather than to punish the offending party. (Conover v. Smith (1974), 20 Ill. App.3d 258, 260.) Dismissal is inappropriate where a trial on the merits can be had without hardship to the parties. Humboldt-Armitage Corp. v. Illinois Fair Plan Association (1980), 86 Ill. App.3d 888, 891.
Concededly, this case is in a somewhat unique posture, since Rice's disobedience to the court-ordered deposition, although clearly deliberate, was also based on several legal conclusions. These were that the stay of discovery in the Federal court barred him from participating in discovery in the State court, which we have rejected; somewhat belatedly, that nothing was presented to the probate court for adjudication particularly after the attempted withdrawal, which we also rejected; or that there were lesser sanctions available to the court. There is a suggestion in the judge's statement at the hearing on the motion to reconsider its order that the trial judge was thinking not only of the disobedience of his order for discovery but also of the failure to prosecute the claim to trial. Under the circumstances it would have been more appropriate for the trial court to have dismissed the matter for want of prosecution which would have permitted refiling the action. (See, e.g., Arnold Schaffner, Inc. v. Goodman (1979), 73 Ill. App.3d 729. Cf. Franzese v. Trinko (1977), 66 Ill.2d 136, 140.) Evaluation of the propriety of the sanction also depends upon the reasonableness of the court's order which was disobeyed. (In re Estate of Fado (1976), 43 Ill. App.3d 759, 764.) The reasonableness issue relates to the underlying dispute, which is whether Rice had the right to litigate his claim in Federal court. While he did not preserve this right because he did not move for a stay of the Du Page County proceedings he did object to going ahead based on the proceedings in the Federal court. There is no indication that the trial judge exercised his discretion in deciding whether the proceedings should go forward in Du Page County, considering all appropriate circumstances.
In view of these considerations the ultimate sanction of dismissal with prejudice was an unreasonable exercise of the court's discretion.
It is our conclusion that the trial court had authority to require that the subject matter of Rice's claim against the executors proceed with the taking of the deposition pursuant to his order. We, however, vacate the order dismissing the proceedings in Du Page County with prejudice, and remand the cause to the trial court for further proceedings. On remand, the trial court is directed to impose sanctions against Rice which do not *1143 include dismissal with prejudice. These sanctions could, of course, include dismissal without prejudice, the imposition of costs and fees, or a dismissal for want of prosecution. We would, nevertheless, consider it appropriate for the trial court to reach the questions involved in the exercise of concurrent jurisdiction between the State court and the Federal court if a motion for stay is made by Rice on remand. The judgment is reversed and the cause remanded with directions.
Reversed and remanded.
REINHARD and NASH, JJ., concur.