ESTATE OF C.A. SPRAGINS, Sr., Deceased; C. Allen Spragins, Jr., Executor, Remanding Parties,

v.

CITIZENS NATIONAL BANK OF EVANSVILLE, Removing Party.

No. GC–83–10–WK–O.

United States District Court, N.D. Mississippi, Greenville Division.

March 7, 1983.

Jerome C. Hafter, Greenville, Miss., for remanding parties.

Fred C. DeLong, Jr., Greenville, Miss., for removing parties.

## ORDER

KEADY, District Judge.

Citizens National Bank of Evansville as a party attempting to remove this action to federal district court seeks review of the Order entered on February 18, 1983, by United States Magistrate J. David Orlansky remanding the cause to the Chancery Court of Washington County, Mississippi. The bank asserts that the Magistrate erred by holding that it is not a "defendant" for purposes of removal. The issue thus presented has seldom arisen and rarely been discussed with clarity. We concur with Magistrate Orlansky's conclusions and, on the basis of his well-reasoned opinion hereto attached, we affirm. Accordingly, it is

ORDERED

That the bank's application for review is hereby DENIED and the Magistrate's Feb-

ruary 18, 1983, Order is hereby AFFIRMED. The Clerk of this Court shall serve, by certified mail, a certified copy of this Order and the February 18, 1983, Order of Remand upon the Clerk of the Chancery Court of Washington County, Mississippi.

## MEMORANDUM ORDER

J. DAVID ORLANSKY, Magistrate.

Presently before the court is the motion of the Estate of C.A. Spragins, Sr., Deceased (Estate), and C. Allen Spragins, Jr., Executor (Executor), by and through their counsel of record, to remand the above entitled action to the Chancery Court of Washington County, Mississippi, from which it was removed by Citizens National Bank of Evansville (Bank). The parties agree that the issue presented is whether the Bank is in the position of a "defendant," who may remove the action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446.

The facts are not in dispute. On December 10, 1981, the Bank filed a complaint against C. Allen Spragins, Sr. and C. Allen Spragins, Jr. in the United States District Court for the Southern District of Indiana, Eastern Division, seeking recovery of sums allegedly due and owing under certain written guaranty agreements executed by the Spragins. The Spragins answered and raised several affirmative defenses. This litigation is still pending in Indiana.

On August 27, 1982, shortly after the death of C. Allen Spragins, Sr., his estate was opened in the Chancery Court of Washington County. The Executor published notice on September 3, 10, and 17, 1982 to all persons having claims against the estate to present them to the Chancery Clerk for probate and registration within ninety days from the date of the first publication, or they would be forever barred. The Bank filed its claim in the estate proceedings for the same indebtedness which is the subject of the Indiana litigation, and the Chancery Court "probated and allowed" the claim on September 24, 1982.

On December 8, 1982, the Executor filed an answer contesting the Bank's claim, asserting affirmative defenses, and incorporating by reference the answer filed in the Indiana litigation by C. Allen Spragins, Sr. during his lifetime. The Executor then caused a fiat to issue, setting the claim for hearing on February 14, 1983. Before that hearing could be held, the Bank removed the proceedings on its claim to this court.

28 U.S.C. § 1441 provides, *inter alia:*

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Furthermore, 28 U.S.C. § 1446 again makes clear that state court proceedings may be removed to federal courts only by "defendants." Therefore it must be determined whether or not, in regard to its claim against the Estate, the Bank is the "defendant." Otherwise, the action was not removable, both because the Bank, as plaintiff, could not remove under §§ 1441 and 1446, and because the defendants are citizens of Mississippi.

For purposes of removal, federal law determines who is the plaintiff and who is the defendant. *Chicago R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 575, 580, 74 S.Ct. 290, 292, 294, 98 L.Ed. 317 (1954); *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214 (1941); 1A Moore, *Federal Practice (2d Ed.),* ¶ 0.157[7], at 116. In *Mason City & Fort Dodge Railroad Co. v. Boynton,* 204 U.S. 570, 27 S.Ct. 321, 51 L.Ed. 629 (1907), the Supreme Court

articulated a functional test for determining which party is the defendant for purposes of removal. The plaintiff, Justice Holmes stated, is the party whose intent to achieve a particular result, such as the recovery of property or money, is the "mainspring of the proceedings," and who is responsible for the continued existence of the action. The party opposing or resisting the plaintiff's claim is the defendant, who may remove. *Id.,* at 579–80, 27 S.Ct. at 323.

The Bank argues that, despite the filing of its claim against the Estate, thus initiating the action, it is not the "plaintiff," but rather the Estate should be considered the "plaintiff" because it "instigated" the action by publishing its notice to creditors and by requiring that the Bank file its claim or run the risk of having it forever barred. A similar argument was rejected by the Supreme Court in *Columbia Gas & Electric Corp. v. American Fuel & Power Co.,* 322 U.S. 379, 64 S.Ct. 1068, 88 L.Ed. 1137 (1943), where a trustee in bankruptcy, joined by the United States Department of Justice, filed objections to claims of Columbia Gas. The issue there was whether the United States was a "complainant" within the meaning of § 2 of the Expediting Act, 15 U.S.C. § 29. The court held that the trustee and the United States were in the position of defendants, rather than complainants, since they were resisting the claims of Columbia Gas, even though, procedurally, they caused the immediate controversy by contesting them. Thus, Columbia Gas, which had filed its claims in response to the institution of bankruptcy proceedings, was the "complainant." *Id.,* at 383–84, 64 S.Ct. at 1071.

The same principle was applied to a removal situation in *Magnusson v. American Allied Insurance Co.,* 286 F.Supp. 573 (D.Minn.1968), where it was held a claimant in a state receivership proceeding was not the "defendant" entitled to remove, despite its having filed its claim in response to a notice to creditors. Since the claimant sought "to vindicate contractual obligations in the courts," it fell "within the criteria of a plaintiff." *Id.,* at 575. *See also, Sears, Roebuck & Co. v. Glenwal Co.,* 325 F.Supp. 86, 88 (S.D.N.Y.1970).

The Bank further argues that it should be considered the "defendant" in this action because it was required to probate its claim or run the risk of having it barred. It is settled Mississippi law that a creditor is not required to probate a claim in response to the executor's notice to creditors in order to preserve its rights when an action on the claim was instituted during the decedent's lifetime and was pending at his death. *Dillard & Coffin Co. v. Woollard,* 124 Miss. 677, 87 So. 148 (Miss.1921). The Bank was not "forced" to appear in the Washington County Chancery Court, but rather elected to assert its claim in that forum, and it cannot be heard to complain on that account.

The Bank also argues that since the Estate has asserted affirmative defenses and has the burden of proof on those defenses, the Estate should be considered the "plaintiff." There is no merit in this argument, since the parties' status for purposes of removal is not affected by any affirmative defenses or counter-pleadings. A "plaintiff" against whom a counterclaim or affirmative defense is asserted does not thereby become a "defendant" within the meaning of the removal statutes. *Shamrock Oil & Gas Corp. v. Sheets, supra,* 313 U.S. at 106, 61 S.Ct. at 871; 1A Moore, *supra.* "Once a plaintiff always a plaintiff." *Coastal Air Service, Inc. v. Tarco Aviation Service, Inc.,* 301 F.Supp. 586, 588 (S.D.Ga.1969).

Finally, the Bank argues that this court's decision should be controlled by *Roach v. First National Bank of Memphis,* 84 F.2d 969 (5 Cir.1936), a case arising in Mississippi and involving somewhat similar facts. In *Roach* a bank probated a claim against the decedent's estate, which was contested in state court by the administrator. The bank then removed the proceedings to federal court, but the administrator, believing removal to have been improper, continued to press the state court proceedings. The bank sought, and was granted, a federal injunction prohibiting further state proceedings, and the granting of such injunc-

tive relief was affirmed by the Fifth Circuit. In affirming the district court the Fifth Circuit said:

"The proceeding by the administrator to expunge the claim was removable. *Hess v. Reynolds,* 113 U.S. 73 [5 S.Ct. 377, 28 L.Ed. 927] ...." 84 F.2d, at 970.

It is that statement in *Roach* upon which the Bank relies to defeat remand. Indeed, it is the only authority cited by the Bank on the precise point at issue.

The court's use of the quoted language in *Roach* is somewhat puzzling. Several circumstances contribute to this state of affairs.

The appellant in *Roach* (the administrator) relied upon two arguments in his brief in an effort to convince the Fifth Circuit that the proceedings on the bank's claim were not removable.[1] He argued both that the bank was a "plaintiff" and not a "defendant," and was thus not entitled to remove under the circumstances of that case; and, secondly, that because of the nature of the probate proceedings no aspect of them was removable.

The only authority cited by the Fifth Circuit for its statement that the bank's claim was removable was *Hess v. Reynolds,* 113 U.S. 73, 5 S.Ct. 377, 28 L.Ed. 927 (1885). Of the administrator's two arguments against removability, *Hess* addresses only one: whether or not probate proceedings are inherently unremovable because such proceedings are committed to the exclusive jurisdiction of the state courts. The Supreme Court expressly rejected that claim.

"The Constitution imposes no limitation upon the class of cases involving controversies between citizens of different States, to which the judicial power of the United States may be extended; and Congress may, therefore, lawfully provide for bringing, at the option of either of the parties, all such controversies within the jurisdiction of the federal judiciary ...." 113 U.S., at 78, 5 S.Ct. at 378.

Although the removing party in *Hess* was a Missouri creditor who filed for probate a claim against a deceased debtor in Michigan estate proceedings, it was unnecessary for the Supreme Court, in deciding the removability *vel non* of those proceedings, to consider whether or not the creditor was a "plaintiff" or "defendant." This is because under the removal statute then in effect a "plaintiff," as well as a "defendant," could remove a proceeding to the federal court upon a showing of prejudice or local influence. The Missouri creditor claimed the existence of local prejudice as ground for removal.[2]

Thus, the Supreme Court in *Hess* did not undertake to determine whether the removing creditor in that case was a "plaintiff" or "defendant," and, indeed, there is not even a mention of that issue in the *Hess* opinion. The Fifth Circuit's reliance upon *Hess* as the sole authority for its statement that the proceedings in *Roach* were removable is a strong indication that, despite the presence of the "plaintiff/defendant" issue in that case, the court was basing its statement solely upon the holding in *Hess* that probate proceedings are not, by their nature, inherently unremovable. This reasoning is reinforced by the fact that in the more than forty-six years since *Roach* was decided it has not once been cited by any court for the proposition argued by the Bank here.

---

1. It was necessary to address that issue in *Roach* because, unlike the current rule, the removal statute then in effect provided that, in order to be effective, removal proceedings must be instituted by a party "... entitled to remove any suit ...," whereas under today's practice removal is effective, subject, of course, to remand, when instituted by "[a] defendant or defendants desiring to remove ...." For a discussion of the two rules, *see, Lowe v. Jacobs,* 243 F.2d 432 (5 Cir.1957).

2. From 1867 until 1948 either the plaintiff or defendant could remove a state court proceeding to federal court upon a showing of prejudice or local influence. 1A Moore, *supra,* at 115. Thus, the same statutory standard applied when both *Hess* and *Roach* were decided. The appellate record in *Roach,* however, makes clear that in that case the removing bank did not rely upon prejudice or local influence as a basis for removal. Removal was based purely upon diversity of citizenship and an amount in controversy exceeding the jurisdictional amount.

Even if *Roach* can arguably be said to support the Bank's position the intervening decisions of the Supreme Court in *Chicago R.I. & P.R. Co. v. Stude, supra; Columbia Gas & Electric Corp. v. American Fuel & Power Co., supra;* and *Shamrock Oil & Gas Corp. v. Sheets, supra,* have robbed it of any precedential value on that point. Accordingly, the court concludes that *Roach* does not control the issue presently before it.

■ Under the "functional" test of *Magnusson v. American Allied Ins. Co., supra,* it is obvious that the Bank is the party seeking to enforce its alleged contractual rights against the Estate, which is the party resisting or defending the claim. Therefore, the Bank must be considered as having the status of a "plaintiff" and is not entitled to remove the action under 28 U.S.C. §§ 1441 or 1446. 28 U.S.C. § 1447(c) provides that if at any time prior to final judgment it appears that a case was removed improvidently and without jurisdiction, the district court shall remand the case and the state court may thereupon proceed with it. It is, therefore

ORDERED:

That the above entitled action be, and it is hereby, remanded to the Chancery Court of Washington County, Mississippi, pursuant to 28 U.S.C. § 1447(c). The clerk of this court shall serve, by certified mail, a certified copy of this order of remand upon the clerk of said chancery court.

This order is hereby stayed through February 28, 1983 in order to afford the Bank an opportunity to seek review by the district judge pursuant to Local Rule M–3(b), should it desire to do so, and, upon the filing by the Bank within that time of an application to the district judge for review of the magistrate's ruling, the stay shall continue in effect until the district judge has ruled on any such application. If no such application for review is filed on or before February 28, 1983, the clerk of this court shall immediately thereafter proceed as directed in the preceding paragraph.

THIS, the 18th day of February, 1983.