Affirmed and Memorandum Opinion filed January 29, 2008








Affirmed and Memorandum Opinion filed January 29, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00965-CV

____________

 

DENIA M. MENDENHALL, Appellant

 

V.

 

THE ESTATE OF JAMES MENDENHALL,
DECEASED,
Appellee

 



 

On Appeal from the 234th
District Court

Harris County, Texas

Trial Court Cause No. 2004-22790

 



 

M E M O R A N D U M   O P I N I O N

Appellant Denia M. Mendenhall  appeals a summary judgment
in favor of the Estate of James Mendenhall, Deceased.  In one point of error,
Denia Mendenhall contends that the trial court erred in granting summary
judgment based on res judicata and the Full Faith and Credit Clause.  We
affirm.  








I.  Factual and Procedural History

This appeal arises out of a claim filed by Denia Mendenhall
(Appellant) against the estate of her father, James Mendenhall.  The estate of
James Mendenhall (Appellee) was administered in Sangamon County, Illinois, the
county of the decedent=s residence at the time of his death on
August 8, 2003.  In October of 2003, Appellant initiated judicial proceedings
in the Circuit Court of the Seventh Judicial Circuit, Sangamon County,
Illinois, to serve as Administrator of her father=s assets. 
Subsequently, Celina Wise, sister of the decedent, produced a will for
probate.  The will named Celina Wise as sole beneficiary, and was admitted to
probate with Celina Wise being appointed executrix of the estate on November 3,
2003.

On May 3, 2004 Appellant filed suit against the estate of
her father in the 234th Judicial District Court of Harris County, Texas seeking
damages for rape, assault, battery, intentional infliction of mental distress,
breach of fiduciary and familial duty, and negligent parenting for torts
allegedly committed in Texas.  On May 4, 2004, Appellant served notice of her
Texas claim on the estate of James Mendenhall and executrix Celina Wise in
Illinois.  This notice was filed with the Illinois probate court and included a
copy of the petition filed in the Texas court.  Appellant argues that this
filing merely placed the probate court on notice that a lawsuit had been filed
in Texas.  Appellant further contends that the claim against the estate in
Illinois was for the amount of any judgment which would be obtained in the
Texas cause of action.  However, Appellee argues that this filing asserted a
claim in the Illinois probate court against the estate in the judicial
proceeding already pending.  Appellee further contends that the claim asserted
in Illinois was identical to the claim asserted in Texas.  








On August 1, 2005, Appellee filed a motion for summary
judgment in Illinois, based on deemed admissions.  Appellant responded by
filing a motion to strike the Appellee=s motion for
summary judgment and deemed admissions, arguing that the Illinois court should
decline to entertain jurisdiction and defer to the Texas court.  The Illinois
court disagreed with Appellant and denied her motion to strike and granted
Appellee=s motion for
summary judgment.  In the order granting summary judgment, the Illinois court
found, inter alia:

1.  Denia Mendenhall filed a claim herein on May 3,
2004, for damages for Arape, assault, battery, intentional
infliction of mental distress, breach of fiduciary and familial duty and
negligent parenting.@  Mendenhall attached to this claim
a copy of the complaint which she filed for the same alleged acts in the 234th
District Court of Harris County, Texas, numbered 2004-22790.

. . . 

9.  Based on the admissions made in the Demands to
Admit, it appears that the Claimant, Denia Mendenhall, has no independent
witness to corroborate her claims set forth in the claim filed herein and in
the attached copy of her complaint filed in the 234th District Court of Harris
County, Texas numbered 2004-22790.

Based
on its findings, the Illinois court ordered as follows:

1.  Summary judgment is granted in favor of CELINA
WISE, as Independent Executor of the Estate of James H. Mendenhall, as to the
claim filed herein by Denia Mendenhall.

2.  The claim filed herein by Denia Mendenhall on
May 3, 2004, for Arape, assault, battery, intentional
infliction of mental distress, breach of fiduciary and familial duty and
negligent parenting@ incorporating the Texas complaint
against the Estate of James H. Mendenhall, deceased, is dismissed with
prejudice.

Appellant
gave notice of her intent to appeal the summary judgment, but subsequently
filed a reply brief advising that court that she was deferring the case to the AFederal
Authorities.@  The Illinois Fourth District Appellate Court
dismissed her appeal on June 12, 2006.








On August 1, 2006, Appellee filed its second amended answer
in this case asserting that Appellant=s claims were
barred based on res judicata and Full Faith and Credit[1]
principles as a result of the judgment of the Illinois court.  Appellee then
filed a motion for summary judgment based on these theories.  After hearing
arguments and receiving supplemental briefing from the parties, the trial court
granted Appellee=s motion for summary judgment.  

II.  Standard of Review

Under the traditional standard for summary judgment, we
must determine whether the successful movant at the trial level carried the
burden of proving that no genuine issue of material fact exists and that the
movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999).  To be entitled to summary judgment, the defendant must conclusively
negate at last one essential element of each of the plaintiff=s causes of action
or conclusively establish each element of an affirmative defense.  Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  Under
this standard, we take as true all evidence favorable to the non-movant, and we
make all reasonable inferences in the non-movant=s favor.  Dolcefino
v. Randolph,  19 S.W.3d 906, 916 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied).  If the movant facially establishes its right to
judgment as a matter of law, the burden shifts to the non-movant to raise a
genuine, material fact issue sufficient to defeat summary judgment.  Id.  

              III. Issue and
Analysis

In a single issue, Appellant asserts that the trial court
erred in granting Appellee=s motion for summary judgment based on res
judicata and the Full Faith and Credit Clause.  Appellant contends that she
only filed a cause of action in Harris County, and that the Illinois probate
court did not have jurisdiction to render a decision regarding her Texas cause
of action.  Appellant therefore contends that Appellee did not prove all
elements required for summary judgment because no final judgment existed
regarding the Texas cause of action, and thus the court erred in granting the
motion for summary judgment.  We disagree.

 








A. 
Adjudication of Claims by Illinois Court

After filing a
cause of action against the estate of her father in Harris County, Appellant
filed a pleading with the Illinois probate court entitled AEstate Claim -
Tort,@ reciting the
details of the cause of action filed in Harris County, and attached a copy of
the pleading filed in Harris County.  Although Appellant contends that this
filing was merely to put the Illinois probate court on notice of the Harris
County cause of action, this filing gave the probate court authority to
adjudicate the claim.  See Estate of Rice v. Cont=l Ill. Nat=l Bank & Trust
Co. of Chicago, 96 Ill. App. 3d 1137, 1139, 421 N.E.2d 1034, 1037 (2d Dist.
1981) (holding that the trial court Ahad the authority
to adjudicate the matter presented to it by the filing of the document in the
form of a claim in the probate court. . . [and] the trial court was not
obligated to treat the document filed in the probate proceedings as a mere
notice of action pending@).   Additionally, the order signed by the
Illinois court granting the estate=s motion for
summary judgment is a final judgment that specifically addressed the Texas
cause of action, as shown by the following language included in the judgment:

The claim filed herein by Denia Mendenhall on May 3, 2004, for Arape, assault, battery, intentional
infliction of mental distress, breach of fiduciary and familial duty and
negligent parenting@ incorporating the Texas complaint
against the Estate of James H. Mendenhall, deceased, is dismissed with
prejudice.  

B.  Res Judicata

Appellee responded
to the cause of action in Harris County by filing its second amended answer,
asserting the affirmative defenses of res judicata and the Full Faith and
Credit Clause.  Appellee then filed a motion for summary judgment in Harris
County based on res judicata and the Full Faith and Credit Clause.  








Res judicata, or claim preclusion, precludes relitigation
of claims that have been finally adjudicated or those arising out of the same
subject matter that could have been litigated in the prior action.  Barr v.
Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992).  Collateral
estoppel, or issue preclusion, prevents relitigation of particular issues
already resolved in a prior suit.  Id.  The policies behind the
doctrines reflect the need to bring all litigation to an end, prevent vexatious
litigation, maintain stability of court decisions, promote judicial economy,
and prevent double recovery.  Welch v. Hbabar, 110 S.W.3d 601,
609 (Tex. App.CHouston[14th Dist.] 2003, pet. denied).  Res judicata
requires proof of the following elements: (1) a prior final judgment on the
merits by a court of competent jurisdiction; (2) identity of parties or those
in privity with them; and (3) a second action based on the same claims as were
raised, or could have been raised, in the first action.  Amstadt v. U.S.
Brass Corp., 919 S.W.2d 644, 654 (Tex. 1996).  

Appellant claims that the estate was unable to satisfy the
third requirement because the filing in the Illinois probate court was merely
to place the court on notice of the claim pending in Harris County.  Appellant
contends the cause of action could not be raised in the Illinois proceeding
because the Illinois Deadman=s Statute barred certain admissions by the
decedent that would be admissible under the Deadman=s Statute in
Texas; however, whether the Texas Deadman=s Statute supports
broader admissions by the decedent than the comparable Illinois statute has no
bearing on the res judicata of the Illinois judgment.  We conclude that the
estate satisfied all three elements necessary for res judicata: (1) the probate
court was a court of competent jurisdiction who rendered a final judgment on
the merits regarding the Harris County cause of action, (2) both claims involve
the same parties, and (3) the second action is based on the same claims that
were raised in the first action.  Because movant=s summary judgment
motion and evidence facially establish the defense of res judicata, and because
the non-movant failed to raise a fact issue as to whether the affirmative
defense was meritorious, Appellant=s challenge to the
summary judgment fails.  Accordingly, we overrule this issue.








                              IV. 
Conclusion

Based on the foregoing, we find that the trial court did
not err in granting Appellee=s motion for summary judgment.  Therefore
we affirm the judgment of the trial court.                               

 

 

/s/      Frank Price

Senior Justice*

 

 

Judgment rendered and Memorandum
Opinion filed January 29, 2008.

Panel consists of Justices Yates,
Guzman, and Price.

 

 









[1]  U.S. Const. art. IV, ' 1.





* 
Senior Justice Frank Price sitting by assignment.