COLUMBIA GAS & ELECTRIC CORP. *v.* AMERICAN
FUEL & POWER CO. ET AL.

No. 814.—Decided May 22, 1944.

*Messrs. Floyd C. Williams* and *Frank W. Cottle* for
appellant.

*Mr. L. J. Obermeier* for appellees.

*Solicitor General Fahy* for the United States, inter-
venor.

PER CURIAM:

This is an appeal from a judgment of the District Court
directly to this Court, taken under § 2 of the Expediting

Act of February 11, 1903, 32 Stat. 823, as amended, 15 U. S. C. § 29. The United States, as an intervenor in the District Court and appellee here, has moved to dismiss the appeal as unauthorized by the Expediting Act.

Separate proceedings were brought in bankruptcy in the District Court under Chapter X of the Bankruptcy Act for the reorganization of the three appellee debtors, American Fuel and Power Company, and two of its subsidiaries, Inland Gas Corporation and Kentucky Fuel Gas Corporation. Appellant Columbia Gas & Electric Corporation filed its proofs of claim in the reorganization proceedings as the owner and holder of stock, and of notes and bonds and open accounts of the debtors.

The District Court, on application of the debtors' trustees, entered an order in the bankruptcy proceedings approving a proposed compromise settlement of all of appellant's claims against the debtors. On appeal by certain creditors the Circuit Court of Appeals for the Sixth Circuit reversed. 122 F. 2d 223. It held that the facts of record disclosed that appellant Columbia's stock and money claims against the debtors had been acquired and used by it to secure control of them in violation of the Sherman and Clayton Anti-Trust Acts and were consequently not provable or allowable claims in a bankruptcy reorganization. It accordingly remanded the cause to the District Court with instructions that all claims against the debtor, which Columbia had acquired in violation of the federal anti-trust laws, be rejected. But its opinion pointed out that appellant had not appeared in the proceeding in the District Court for the approval of the proposed compromise and it was consequently not bound by the appellate court's findings of fact in that proceeding.

After the remand the District Court granted the application of the United States to be allowed to intervene in the bankruptcy proceedings. The United States' petition for intervention asserted that it was concerned in arresting

any action of the bankruptcy court which might tend to defeat or curtail the relief to which it might be entitled in a pending equity suit which it had brought against appellant in the District Court for Delaware. The purpose of this latter suit was to restrain appellant from violations of the anti-trust laws by the control of the debtors through the acquisition and holding of the same stock and money obligations, as are the subjects of appellant's claims in this proceeding.

The United States, as intervenor, and certain creditors filed objections to the allowance of appellant's claims in bankruptcy. The proceedings on the claims were consolidated for hearing and after a trial in which appellant participated, the District Court found that appellant had acquired and used the subjects of its claims in the prosecution of a conspiracy to acquire control of the debtors in violation of the anti-trust laws. It gave judgment rejecting appellant's claims as not provable or allowable in bankruptcy. From this judgment appellant has taken the present appeal to this Court under § 2 of the Expediting Act. It has also appealed to the Court of Appeals for the Sixth Circuit.

Section 2 of the Expediting Act, as found in 15 U. S. C. § 29, provides, "In every suit in equity brought in any district court of the United States under sections 1–7 or 15 [1] of this title [provisions of the Sherman and Clayton

---

[1] Section 2 of the Expediting Act, as enacted in 1903, 32 Stat. 823, referred merely to suits in equity "under any of said Acts," the "said Acts" being those referred to in § 1 of the Act, i. e., the Sherman Act, the Interstate Commerce Act, and "any other Acts having a like purpose that hereafter may be enacted." The compilers of the United States Code, in place of "any of said Acts," refer only to §§ 1–7 and 15 of Title 15 of the Code. It is not apparent why § 15 is included, since it provides for the recovery of treble damages for violation of the anti-trust laws, and since the United States is not authorized by the section to maintain such a suit. See *United States* v. *Cooper Corp.*, 312 U. S. 600. It is probable that the compilers of the Code intended

Acts] wherein the United States is complainant, an appeal from the final decree of the district court will lie only to the Supreme Court. . . ." Accordingly, to be appealable to this Court under the provisions of this section, the present proceeding must be a "suit in equity" "brought" in a district court "wherein the United States is complainant."

The nature of the equity suit, referred to in § 2 of the Expediting Act, is defined and restricted by 15 U. S. C. § 4, which authorizes the United States to bring equity suits for enforcement of the Sherman Act. Section 4 invests the district courts with jurisdiction to "prevent and restrain violations of sections 1–7 and 15 of this title," and makes it the duty of the United States attorneys in their districts under direction of the Attorney General "to institute proceedings in equity to prevent and restrain such violations." Section 25 of 15 U. S. C. makes provision for like suits in equity to be brought under the direction of the Attorney General to "prevent and restrain violations" of provisions of the Clayton Act embodied in 15 U. S. C. §§ 12, 13, 14–21, and 22–27. Such a suit brought under § 14 was held to be appealable directly from the district court to this Court in *International Business Machines Corp.* v. *United States,* 298 U. S. 131.

By 15 U. S. C. § 28, derived from § 1 of the Expediting Act of 1903, it was provided that in any suit in equity brought in any district court of the United States under §§ 1–7 or § 15 of that title "wherein the United States is complainant," the Attorney General may file in court a certificate of public importance and that thereupon such case shall be given precedence over others, shall be in every way expedited, and shall be assigned for hearing before a court of three judges selected as provided in the section.[2]

---

to refer to 15 U. S. C. § 25, which is § 15 of the Clayton Act and which is discussed in the text of this opinion.

[2] By Act of April 6, 1942, § 1, 56 Stat. 198, this section was amended so as to include "any civil action" brought in a district court under the

The present is a bankruptcy proceeding, and even though a court of bankruptcy possesses and may exercise equity powers in the disposition of suits in bankruptcy, see Bankruptcy Act § 2, 11 U. S. C. § 11; *Securities & Exchange Commission* v. *United States Realty Co.*, 310 U. S. 434, 455 and cases cited, a bankruptcy proceeding is not itself a suit in equity either by statutory definition or in common understanding. This bankruptcy proceeding is not one "wherein the United States is complainant," nor is it brought under the anti-trust laws of the United States and we cannot say that the intervention of the United States in this proceeding has so altered it as to make it a suit in equity within the meaning of § 2 of the Expediting Act.

By its petition and intervention the United States has aligned itself with the debtors' trustees, who are asking only to have appellant's claims rejected. The United States likewise, by its petition in intervention, asked that the District Court adjudge that appellant's claims against the debtors be rejected and that appellant take nothing by them. As an intervenor the United States was limited to the field of litigation open to the original parties. *Chandler & Price Co.* v. *Brandtjen, Inc.*, 296 U. S. 53, 57–60 and cases cited; *Vinson* v. *Washington Gas Light Co.*, 321 U. S. 489. The position of the trustees in the proceeding for allowance of appellant's claims, conducted in conformity to the mandate of the Circuit Court of Appeals, was not that of complainants in an equity suit. The trustees did not seek in that proceeding, nor were they authorized to seek, equitable relief for the prevention of future violations. They were rather in the position of

anti-trust laws in which the United States "is plaintiff." Congress, insofar as it may have extended the procedure for a trial by a district court of three judges to proceedings other than suits in equity, has nevertheless left unamended § 2 of the Expediting Act, which restricted direct appeals to the Supreme Court to suits in equity wherein the United States is complainant.

defendants resisting the claims of appellant on the ground that its claims were tainted with illegality because of its past conduct in acquiring them. No more than the trustees, could the United States be said to be a complainant in a suit in equity, such as is defined by 15 U. S. C. § 4, "to prevent and restrain violations" of the anti-trust laws.

It is of some significance also that the suits in equity referred to by § 2 of the Expediting Act are the suits which under 15 U. S. C. § 28 are required, on certification of the Attorney General, to be expedited in the District Court and to be tried there by a court of three judges. But we find no intimation in § 28 that there is authority for convening a district court of three judges to sit as a bankruptcy court for the trial of an issue in bankruptcy because it involves the determination of questions arising under the anti-trust laws, and we think that the United States as intervenor in a bankruptcy proceeding limited to the allowance of claims or their rejection, if found to have been acquired in violation of the anti-trust laws, could not invoke the procedure for trial of that issue by a court of three judges.

We conclude that the order in intervention authorized the Government to urge the rejection of appellant's claims in the bankruptcy proceeding; that in so doing it was not acting as a complainant in an equity suit within the meaning of § 2 of the Expediting Act, and consequently no appeal lies to this Court from the order of the District Court rejecting appellant's claims. The appeal will therefore be dismissed for want of jurisdiction of this Court to entertain it. Since appellant has also taken an appeal to the Circuit Court of Appeals, we need not exercise our supervisory power to vacate the judgment below, in order to permit a proper appeal to be taken. *Wilentz* v. *Sovereign Camp*, 306 U. S. 573, 582; cf. *Gully* v. *Interstate Natural Gas Co.*, 292 U. S. 16; *Oklahoma Gas Co.* v. *Oklahoma Packing Co.*, 292 U. S. 386, 392; *Jameson & Co.* v.

*Morgenthau,* 307 U. S. 171, 174; *Phillips* v. *United States,* 312 U. S. 246, 254.

*Dismissed.*

MR. JUSTICE DOUGLAS and MR. JUSTICE JACKSON took no part in the consideration or decision of this case.