**Cyrus E. MAGNUSSON, as Commissioner of Insurance of the State of Minnesota, Plaintiff,**

v.

**AMERICAN ALLIED INSURANCE COMPANY, Defendant.**

**In the matter of Claims Numbered 001869 and 001883, RESOLUTE INSURANCE COMPANY, a Rhode Island Corporation, Claimant.**

**No. 3–67 Civ. 317.**

United States District Court
D. Minnesota,
Third Division.

July 10, 1968.

Briggs & Morgan by Samuel L. Hanson, St. Paul, Minn., for Homer A. Bonhiver, receiver of American Allied Ins. Co.

Stearns, Torrison, Goetteman & Driscoll by Edward J. Driscoll, St. Paul, Minn., appeared for Resolute Ins. Co.

NEVILLE, District Judge.

The novel question presented on this motion to remand is whether the petitioner for removal from State Court is in the position of a defendant within the meaning and language of 28 U.S.C. § 1441(a) so as to be entitled to a removal. American Allied Insurance Company (American Allied) is a Minnesota corporation with its principal place of business in Minnesota. It appears in this case by and through its duly appointed Receiver Homer A. Bonhiver, who has moved the court for an order remanding this controversy to the appropriate State of Minnesota District Court. Resolute Insurance Company (Resolute) is a Rhode Island corporation with its principal place of business in the State of Connecticut. The amount in controversy exclusive of costs and interest clearly exceeds $10,000.00.

June 10, 1965 the Commissioner of Insurance for the State of Minnesota commenced an action in State Court against American Allied for an injunction restraining it from further proceeding with its business and requesting the appointment of a receiver to take possession of its assets for purposes of liquidation. August 4, 1965 the State Court entered an order granting the relief requested and appointing Homer A. Bonhiver as Receiver. This main action has not been removed to Federal Court, nor has any attempt been made so to do. By supplemental order dated August 31, 1965 the State Court ordered inter alia that all persons having claims against American Allied file verified and itemized proof thereof in the office of the Receiver on or before August 5, 1966.

In response to notice served upon it Resolute filed with the Receiver Claim No. 001869 in the amount of $123,550.00 based upon losses to Resolute as excess reinsurer of the Reliable Insurance Company of Chicago, which reinsurance contract was 100% retroceded to American Allied by an agreement effective January 1, 1964, and Claim No. 001883 in the amount of $162,662.23 for losses paid by Resolute Insurance Company under a quota share reinsurance agreement effective March 9, 1964. The Receiver thereafter petitioned the State Court for leave to serve upon Resolute what it styled a "counterclaim" to these two claims seeking to recover from Resolute earned premiums received by Resolute under these same two reinsurance agreements and alleged to be due to American Allied and not accounted for. The counterclaim seeks recovery of the amount of $93,817.40 and a determination that said sum constitutes a trust fund held by Resolute for the benefit of the Receiver and is therefore not subject to any set off by the claims of Resolute against the Receiver.

Leave to file the counterclaim was granted on November 13, 1967. Subsequently on December 1, 1967, Resolute filed its petition to remove the counterclaim to this court pursuant to 28 U.S.C. § 1441. Apparently the removal petition is designed to include as well the two claims filed by Resolute, though the petition is not completely clear as to this. The dispositive question on the motion of American Allied's Receiver is whether Resolute, assuming that the "counterclaim" states an independent cause of action, is in the position of a defendant within the meaning of 28 U.S.C. § 1441 (a), either by virtue of the instigation of the original receivership proceedings or by virtue of the "counterclaim" asserted by American Allied. 28 U.S.C. § 1441(a) provides as follows:

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." (Emphasis added).

Removal to the federal courts is purely a statutory right, In re Stuart,

143 F.Supp. 772 (W.D.Mich.1956), and the removal statute should be strictly construed against the right of removal, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). In determining the designation of parties for purposes of deciding whether a given party has a right of removal, federal law, rather than any state definition, governs. Ibid.; Chicago, R.I. & Pac. R.R. v. Stude, 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317, rehearing denied 347 U.S. 924, 74 S.Ct. 512, 98 L.Ed. 1078 (1954).

Resolute argues that by virtue of the nature of a receivership proceeding, or as a result of the counterclaim filed by American Allied, it occupies the role of a defendant. No persuasive authority is submitted by either party in support of or against either of these positions and the court has found no controlling authority under § 1441(a). The case thus seems to be one of first impression.

■ In the court's opinion, Resolute occupies the position of a plaintiff in the State Court proceedings by virtue of filing its claims in the receivership after receipt of notice. The counterclaim does not significantly alter Resolute's status as a plaintiff. Accordingly, the court holds that this case was improvidently removed from State Court and remand is proper under 28 U.S.C. § 1447. *Shamrock Oil,* supra, reviews the historical background of the present and prior removal statutes, and is clear and direct authority for the proposition that once it is determined a party is in the position of a plaintiff, a counterclaim, even though stating an independent cause of action, does not make a cause removable, either entirely or as to the counterclaim alone. The court said:

> "* * * We can find no basis for saying that Congress, by omitting from the present statute all reference to 'plaintiffs,' intended to save a right of removal to some plaintiffs and not to others. * * *"

Resolute is asserting affirmatively a claim for monetary relief by its prosecution of alleged rights under the reinsurance agreements notwithstanding the fact that the Receiver for American Allied in a sense precipitated the suit by sending notice to file claims pursuant to court order. It is Resolute that seeks to vindicate contractual obligations in the courts. Resolute thus falls within the criteria of a plaintiff. See 1A Moore, Federal Practice ¶ 0.157[7], at 265 (1965 Ed.); Columbia Gas & Elec. Corp. v. American Fuel & Power Co., 322 U.S. 379, 64 S.Ct. 1068, 88 L.Ed. 1337 (1944).

Having determined that Resolute is in the position of a plaintiff, the inquiry is at rest and the court need go no further.

Counsel's claim that Resolute in the first instance could not have brought a suit in Federal Court against a State Court receiver, if sound, is of no help in answering the question now before the court. Indeed it is a somewhat surprising argument when it is considered that to be removable at all under § 1441(a) the case must be one "of which the district courts of the United States have original jurisdiction." The further argument that removal can be effected after the imposition of the counterclaim because the Federal courts have "derivative" jurisdiction does not meet the issue; nor is the analogy to condemnation cases persuasive.

Counsel cites § 1441(c) relating to a "separate and independent claim * * which would be removable if sued upon alone." This is not applicable here since a matter is "removable if sued upon alone" only if the petitioner for removal is in the position of a defendant. Here, as the court believes and has found, Resolute is in the position of a plaintiff and so the controversy is not removable.

A separate order of remand has been entered.