**In re ESTATE OF Richard B. DUANE, Jr.**

**No. 91 CIV. 0067(JES).**

United States District Court, S.D. New York.

June 18, 1991.

David Cohen, New York City, for petitioner.

Sullivan & Cromwell, New York City (Garrard R. Beeney, of counsel), for respondent.

### MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Alice Kerrigan ("Kerrigan"), a claimant under the above-captioned estate, filed a claim for pension benefits under Section 502(a)(1)(B) of the Employee Retirement Income Security Act, 29 U.S.C.

§ 1132(a)(1)(B), in the Surrogate's Court, New York County. The executrix of the estate, after attempting to settle this claim, proceeded under Section 1809 of the Surrogate's Court Procedure Act and sought a determination as to the amount of that claim by the Surrogate's Court. However, before the Surrogate's Court could resolve that issue, the claimant removed that action to this Court pursuant to 28 U.S.C. § 1441. The executrix moves, pursuant to 28 U.S.C. § 1447(c), to remand this action to the Surrogate's Court and for an order awarding costs and attorney's fees. For the reasons that follow, the motion to remand is granted and the application for costs and fees is denied.

## BACKGROUND

Richard B. Duane, a medical doctor, died on May 12, 1988. His will was admitted to probate on June 20, 1988, and Letters Testamentary were issued to Carolyn P. Duane, the executor, on the same date. Kerrigan, Richard Duane's employee and the beneficiary of a retirement plan established by the deceased for Kerrigan's benefit, filed a claim against the estate on January 13, 1989. After almost one year of futile attempts by the executor and Kerrigan's counsel to agree upon the value of her claim, the executor filed with the Surrogate's Court a petition to determine the amount of this claim pursuant to section 1809 of the Surrogate's Court Procedure Act.[1] N.Y.Surr.Ct.Proc. Act § 1809 (McKinney 1988). On January 2, 1991, sixteen days after Kerrigan was served with the petition, she removed that action to this Court.

## DISCUSSION

■ Section 1441(a) of Title 28 states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a) (1988). A defendant for removal purposes, is the party against whom a claim is asserted for some affirmative relief.[2] *See Columbia Gas & Elec. Corp. v. American Fuel & Power Co.,* 322 U.S. 379, 383–84, 64 S.Ct. 1068, 1071, 88 L.Ed. 1337 (1944); *see also Mason City & Fort Dodge R.R. Co. v. Boynton,* 204 U.S. 570, 580, 27 S.Ct. 321, 323, 51 L.Ed. 629 (1907).

■ Tested by that standard, Kerrigan, the party seeking removal here, cannot properly be regarded as a defendant. It was Kerrigan who voluntarily presented her claim for relief in the Surrogate's Court,[3] and who admits in her removal petition that this action involves the prosecution of her claim: "[this] case is a civil action arising out of the claims of respondent Alice Kerrigan." *See* Removal Petition at ¶ 4. On the other hand, the executor sought only to have the Surrogate's Court determine the amount of Kerrigan's claim and did not seek any affirmative relief. *See Columbia Gas & Elec. Co.,* 322 U.S. at 383–84, 64 S.Ct. at 1071; *see also Estate of C.A. Spragins, Sr., v. Citizens Nat'l Bank of Evansville,* 563 F.Supp. 424 (N.D.Miss.1983) (bank which filed claim in estate proceedings was not a "defendant" since bank was the party seeking to enforce alleged contractual rights against estate, which was the party resisting the claim). Accordingly, since Kerrigan is in fact the plaintiff in this proceeding, the removal was improper.

■ The application for costs and attorney's fees by the executor pursuant to Section 1447(c) of Title 28 is denied. Courts have awarded fees incurred in contesting removal actions when the removing

---

1. The executor's petition asked the Surrogate Court to determine the amount of Kerrigan's claim to be $41,051.75 and that any sums in excess of such amount be disallowed. *See* Memorandum of Executor Carol P. Duane at Exhibit C.

2. Which party is a defendant and entitled to remove is determined as a matter of federal law. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214 (1941).

3. The Surrogate's Court Procedure Act allows claimants to commence an action at law or in equity, without first having to file that claim with the Surrogate's Court. N.Y.Surr.Ct. Proc.Act § 1810 (McKinney's 1988).

party has acted in bad faith or removal is predicated upon a diversity of citizenship that clearly does not exist. *See Syms, Inc. v. IBI Security Services, Inc.,* 586 F.Supp. 53 (S.D.N.Y.1984); *Zimmerman v. Conrail,* 550 F.Supp. 84 (S.D.N.Y.1982). The Court finds no such evidence of bad faith here and removal was based on a federal question.[4]

## CONCLUSION

For the reasons stated above, the executor's motion to remand shall be and hereby is granted and the application for costs and attorney's fees is denied. The Clerk of the Court is directed to close the above-captioned action and to remand the action and transfer the Southern District file to the Surrogate's Court, New York County.

It is SO ORDERED.

---

**4.** Since the Court has remanded on other grounds, the Court need not address the executor's untimely removal and waiver arguments.