**MORGAN GUARANTY TRUST COMPANY OF NEW YORK, et al., Plaintiffs,**

v.

**REPUBLIC OF PALAU, Defendant.**

**No. 86 Civ. 0590 (RWS).**

United States District Court, S.D. New York.

July 15, 1991.

Jones, Day, Reavis & Pogue, New York City, for plaintiffs; Barry R. Satine, of counsel.

Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City, for defendant; Wayne A. Cross, Linda F. Goldwyn, of counsel.

## OPINION

SWEET, District Judge.

Plaintiffs Morgan Guaranty Trust Company of New York, Morgan Grenfell & Co., Limited, The Bank of Tokyo Limited, The Governor and Company of the Bank of Scotland and Orion Bank, Limited (collectively "Morgan Guaranty") have moved pursuant to 28 U.S.C. § 1447(c) and Rule 11 of the Civil Rules of this court for costs and actual expenses, including attorneys' fees, resulting from the removal of this action by the defendant Republic of Palau ("Palau") from the state court. This motion raises once more in this difficult and important action issues that are significant and of first impression. For the reasons set forth below, the motion is granted in part and denied in part.

*Prior Proceedings*

Plaintiffs were the guarantor banks of certain loans made to Palau in connection with the construction of a power station and fuel storage facility to be constructed

---

on the island of Palau in Micronesia. Palau defaulted on the loans in 1985. The guarantees were called and the guarantors made payment.

On December 17, 1985 Morgan Guaranty commenced this action in the Supreme Court of the State of New York. The plaintiffs relied upon a Recourse Agreement between the plaintiffs and Palau, together with related agreements and opinion letters.

On January 21, 1986, Palau removed the action to this court, contending that it was a "foreign state" for purposes of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603(a), and that federal jurisdiction therefore existed pursuant to 28 U.S.C. §§ 1441(d) and 1330. On March 3, 1986 Morgan Guaranty moved for remand, contending that Palau was not a "foreign state" and that subject matter jurisdiction did not exist. Palau opposed the motion and argued that Palau was either a *de jure* sovereign or a *de facto* sovereign. By opinion of July 10, 1986 (reported at 639 F.Supp. 706 (S.D.N.Y.1986)), Palau was held to be a *de facto* sovereign and denying the motion to remand.

The action proceeded, and Palau filed an answer and counterclaims, contending that (i) it was entitled to sovereign immunity; (ii) Palau's President had acted *ultra vires* in entering into the agreements with plaintiffs; and (iii) the plaintiffs had fraudulently induced Palau to enter into the agreements. Morgan Guaranty moved to strike Palau's affirmative defenses, to dismiss Palau's counterclaims and for summary judgment. Palau opposed the motion. By opinion of April 3, 1987 (reported at 657 F.Supp. 1475 (S.D.N.Y.1987)), the court held that Palau had waived its sovereign immunity and that Palau's President had not acted *ultra vires*, but also held that there existed triable issues of fact regarding Palau's fraudulent inducement defense.

On December 3, 1987, Palau moved to dismiss the complaint. Palau's motion was based on Public Law 99–658, § 104(e), 100 Stat. 3672 (1986), which Palau contended immunized Palau from the jurisdiction of the courts of the United States. Morgan Guaranty opposed the motion. By opinion of January 29, 1988 (reported at 680 F.Supp. 99 (S.D.N.Y.1988)), it was held that the statute relied upon by Palau had created a waivable, as opposed to an absolute defense of sovereign immunity, and that Palau's President had waived sovereign immunity.

In April 1988 a six-day bench trial was conducted and by opinion of August 5, 1988 (reported at 693 F.Supp. 1479 (S.D.N.Y. 1988)), it was determined that plaintiffs had established their *prima facie* case, and that Palau had failed to establish its affirmative defenses of sovereign immunity and fraudulent misrepresentation. Judgment for plaintiffs in the amount of $45,953,703.00 was entered on August 12, 1988.

Palau moved for reconsideration and vacation of the judgment on the grounds that: (i) it had not waived its sovereign immunity; and (ii) no evidence supported the court's conclusion that Palau had not relied on a misrepresentation by omission of the plaintiffs, and by opinion of December 9, 1988 (reported at 702 F.Supp. 60 (S.D.N.Y. 1988)), the motion for reconsideration was granted, and the remainder of the motion denied.

On January 18, 1989, Palau filed a Notice of Appeal from the order of April 6, 1987, the order of January 29, 1988, the order of August 8, 1988, the judgment of August 12, 1988, and the order of December 27, 1988. Both parties filed briefs on the merits with no suggestion by either side that subject matter jurisdiction was in doubt. Oral argument was heard on August 15, 1990. During the argument, the Court of Appeals questioned whether subject matter jurisdiction was present in that Palau was not a "foreign state" for purposes of FSIA. The parties were directed to file supplemental briefs on that issue alone.

In its supplemental brief, filed on August 29, 1990, Palau departed from its previous claims of sovereignty and submitted post supplemental brief materials in the form of an Interior Department Order.

On February 4, 1991, the Second Circuit vacated the judgment against Palau, stating:

We disagree with the district court's conclusion that Palau is a foreign state with-

in the meaning of FSIA. Accordingly, we find that there was no basis for the exercise of removal jurisdiction in this case and that the district court therefore erred in denying the Banks' motion to remand the action to the New York Supreme Court.

*Morgan Guaranty v. Republic of Palau,* 924 F.2d 1237, 1238 (2d Cir.1991). The Court also noted that:

... It is significant here that Palau does not now argue, as it did when this action was removed from the state court, that it is a foreign sovereign within the meaning of the Foreign Sovereign Immunities Act ...

*Id.* at 1246.

### The Applicable Statutes

When Palau removed this case from the State Court, 28 U.S.C. § 1447(c) provided, in relevant part:

If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.

On November 19, 1988, the text of 28 U.S.C. § 1447(c) was amended. The statute now provides, in relevant part:

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

### Costs And Attorneys' Fees Are Required

 As the plaintiffs agree, under the former version of Section 1447(c) only costs associated with an improvident removal are recoverable and the prior version of the statute bars recovery for attorneys' fees. *See* Commentaries on 1988 Revision by David D. Siegel at 28 U.S.C.A. § 1447, p. 52 (1990 pocket part) ("To the 'costs' that the old statute allowed the court to direct in conjunction with a remand, the subdivision (c) now authorizes the court to add 'actual expenses, including attorney fees', should it find that it was improper for the defendant to remove the case.") Indeed, in this Circuit a party's recovery of costs for im-

proper removal are limited to the amount of the bond posted pursuant to the removal. *Boland v. Bank Sepah–Iran,* 614 F.Supp. 1166, 1174 (S.D.N.Y.1985). Further, given the court's opinions referred to above, it is difficult to conclude that removal was improvident.

As to the retroactivity of the amended § 1447(c), but one case has been cited by the parties, *Bucary v. Rothrock,* 883 F.2d 447 (6th Cir.1989). There the court did not apply the amendment retroactively but agreed with the analysis contained in the commentary.

Professor Siegel, in his commentaries on the 1988 amendment has written as follows:

The Judicial Improvements and Access to Justice Act was enacted on November 19, 1988. Most of the changes it makes in other laws have explicit effective date provisions accompanying them, but that is not so with the changes made in §§ 1441, 1446 and 1447, all dealing with the removal of actions from state to federal court. The presumption therefore is that the amendments took effect on November 19, 1988, when the President signed the act. If any difficulty arises about applying the removal amendments in pending cases, the court should deem itself empowered to make whatever determination about retroactivity seems fair and equitable.

Commentaries on 1988 Revision by David D. Siegel at 28 U.S.C.A. § 1441, pp. 1, 2 (1990 pocket part).

The change of the operative language of the section from "improvidently" to "just costs and any actual expenses," together with the commentary that any decision as to retroactivity be "fair and equitable," establish a test of overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties.

Here five years of painstaking and expensive litigation on the part of all concerned have come to nought, in effect through the operation of law and, in fairness, through a change of position by Palau. In this particular situation, which it can be assumed is quite unique, § 1447(c) will not be applied retroactively, since Pa-

lau's position prior to the time of the amendment was in fact upheld by the court, albeit in error.

However, after the adoption of the new language of § 1447(a), it is just to assess costs and attorneys' fees attributable to the sovereign immunity issue in view of Palau's change of position, even though that change of position may have been induced by the Court of Appeals and even though it proved to be prevailing. It was, after all, Palau that was responsible ultimately, with some assistance from the court, for the nullification of the proceedings which has resulted after its initial removal of this action.

Therefore Palau shall pay just costs and actual attorneys' fees of Morgan Guaranty attributable to the resolution of the sovereign immunity issue subsequent to November 19, 1988.

It is so ordered.