Estelle **MERMELSTEIN**, Plaintiff,

v.

James Theodore **MAKI** and N.W. Dairy Forwarding Co., Defendants.

No. 93 Civ. 0916 (SS).

United States District Court, S.D. New York.

July 23, 1993.

The Law Office of Joseph T. Mullen, Jr. by Joseph T. Mullen, Jr., James P. McCall, New York City, for plaintiff.

LaBrum & Doak by Carl R. Fogelberg, John P. Cookson, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

SOTOMAYOR, District Judge.

Defendants removed this action to federal court on February 16, 1993. Plaintiff moved to remand pursuant to 28 U.S.C. § 1447(c), contending that the removal was untimely. By Opinion and Order dated May 20, 1993 (the "May 20 Opinion"), I concluded that "factual issues, including who received the pleadings and when they were received," cautioned against my ruling on plaintiff's motion, and I directed defendants to supplement the "paltry record" then before me. At a hearing held for that purpose on June 28, 1993, defendants failed to come forward with sufficient evidence to demonstrate that removal had been effected within the thirty-day period specified by 28 U.S.C. § 1446(b). As a result, I stated that for the reasons set forth in the May 20 Opinion, I would remand the case, pending resolution of plaintiff's request for costs and fees.

In her motion for costs and fees, plaintiff identifies no costs but itemizes 75 hours of attorney time, billed at $150 per hour, for a total request of $11,250 for work arising from the remand. That motion is now before me, and, for the reasons discussed below, is **DENIED**.

## I. *Discussion*

■ 28 U.S.C. § 1447(c) states:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.* A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

(emphasis added). The first sentence is limited to motions to remand based on "any defect in removal procedure," whereas the second sentence is limited to remands based on the absence of subject matter jurisdiction. Defendants urge that the underscored sentence, which provides for costs and fees, applies only to orders of remand based on lack of subject matter jurisdiction, the topic of the previous sentence. Plaintiff, by contrast, contends that like the remainder of the paragraph, the underscored sentence applies to all orders of remand—and that costs may therefore be awarded even where, as here, remand was based on the untimeliness of removal.

I conclude for two reasons that the underscored sentence is *in pari materia* with the subsequent portions of the paragraph, and that the fee provision therefore applies to all orders of remand. First, there is nothing in the language of the underscored sentence to suggest that it only applies to remands based on lack of subject matter jurisdiction. Second, the structure of the statute supports plaintiff's interpretation. The first two sentences of the statute delineate the two alternative grounds for remand, with a time frame for each. The remainder of the statute, however, references orders of remand, without limitation—and therefore those provisions apply to all such orders.

The commentary on the 1988 amendment confirms this interpretation as well:

To the "costs" that the old statute allowed the court to direct in conjunction with a remand, the amendment of subdivision (c) now authorizes the court to add "actual expenses, including attorney fees", should it find that it was improper for the defendant to remove the case. The matter is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand. Congress says that this added power under subdivision (c) of § 1447 is to "replace" the bond requirement now eliminated from removal procedure with the repeal of subdivision (d) of the old § 1446....

Commentary on 1988 Revision by David D. Siegel at 28 U.S.C.A. § 1447, p. 62 (West Supp.1993).

In support of their argument that the costs and fees provision is limited to remands predicated on the absence of subject matter jurisdiction, defendants rely on *Morgan Guar. Trust v. Republic of Palau,* 971 F.2d 917, 924 (2d Cir.1992), in which the Second Circuit discussed the 1988 amendments to 28 U.S.C. § 1447(c). Before the 1988 revision, Section 1447(c) provided as follows:

> If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court.

Prior to the revision, there was some indication that costs could only be awarded where the removal was made in bad faith. In *Morgan Guar. Trust,* the Second Circuit held that if there had been such a bad faith requirement, it was abolished by the 1988 revisions. The Court observed of the revision:

> The amendment did not add the phrase "bad faith" to the statute, but rather deleted the requirement that the case have been "removed improvidently." Indeed,

the statute as amended makes no reference at all to the state of mind or intent of the party removing the action, instead focusing strictly on the mere absence of subject matter jurisdiction. The amendment also added to the statute an explicit reference to attorneys fees as part of the costs that may be awarded.

971 F.2d at 923.

Defendants isolate the reference to the statute "focusing strictly on the mere absence of subject matter jurisdiction" to argue that costs may only be awarded where subject matter jurisdiction is lacking. In context, however, it is clear that the Second Circuit found no such limitation on awards of fees and costs.

■ Although the remand statute permits the award of costs and fees in this action, it does not mandate them. *See* 28 U.S.C. § 1447(c) (remand order "*may* require payment" of costs and fees) (emphasis added); *Moore v. Kaiser Foundation Hospitals, Inc.,* 765 F.Supp. 1464, 1466 (N.D.Cal.1991) ("The court may award none, some, or all of the fees incurred by the remanding party."), *aff'd,* 980 F.2d 738 (9th Cir.1992) (unpublished Mem. available on Westlaw). Section 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees." *Morgan Guar. Trust v. Republic of Palau,* 971 F.2d 917, 924 (2d Cir.1992); *contra Walton v. UTV of San Francisco,* 776 F.Supp. 1399, 1404 (N.D.Cal. 1991) ("attorney fees and costs should be awarded a plaintiff who successfully resists an improper removal unless to do so would result in injustice"). I decline to grant plaintiff's application for fees and costs for the following three reasons.[1]

■ First, by the failure to identify in her motion papers the pertinent issues relevant to the remand motion, plaintiff is estopped from contending that the issues were straightforward and the governing law clear.[2]

---

1. Thus, my ruling on the statutory construction issue is not determinative of the outcome of the motion.

2. Plaintiff attached to the Notice of Motion to Remand a three-page document sworn to by attorney Joseph T. Mullen, Jr., and denominated

"Affidavit in Support of Motion," after which is written in by hand, as if an afterthought, the words "and Memorandum of Law." This so-called "Memorandum of Law" contains no case citations, but rather conclusory statements regarding compliance with 28 U.S.C. § 1446(b).

If the case law were easily found, plaintiff should have found it and supplied it, as the Court ultimately did. This delinquency waives any argument that the removal was in bad faith. Although not required for an award of costs, bad faith is one of the factors that courts have considered in cost and fee applications. *Morgan Guar. Trust*, 971 F.2d at 923–24; *In re Estate of Duane, Jr.*, 765 F.Supp. 1200, 1202 (S.D.N.Y.1991).

Second, plaintiff's submissions in this action do not warrant an award of fees and costs. For example, plaintiff's remand papers omit pertinent case law of the Southern District of New York. *See* May 20 Opinion at 3 (discussing *Figueroa v. Kim*, 813 F.Supp. 267 (S.D.N.Y.1993) (Cedarbaum, J.) and *Gates Construction Corp. v. Koschak*, 792 F.Supp. 334, 336 (S.D.N.Y.1992) (Mukasey, J.)).[3] Similarly, plaintiff's motion for costs fails to cite or discuss the Second Circuit decision in *Morgan*. Submissions like plaintiff's papers, reflecting inadequate and incomplete research and riddled with grammatical and typographical mistakes,[4] should be deterred, not rewarded. They taint counsel's credibility, affront the dignity of the Court, and impair the efficiency of the judiciary. Rather than reject the papers or dismiss the motion, I accepted them and evaluated the issues on the merits. The withholding of costs and fees remains one of the few available means by which the Court may discourage slipshod filings and encourage compliance with the Local Rules of this Court.

Finally, an award of attorney costs and fees would not advance the "important public polic[y]" of "encourag[ing] accurate record keeping by parties and their counsel."

Moore, 765 F.Supp. at 1466 (reducing remand fee award by nearly $15,000 because of "inadequate records"). The bill of costs submitted with plaintiff's fee application simply does not support an application for more than $11,000. The entries are illegible and the scribbling does not contain sufficient detail to establish that 75 hours of lawyer time were required for this adventure in federal court.

Ten years ago the Second Circuit specified the minimum documentation required for a fee application: "[A]ny attorney ... who applies for court-ordered compensation in this Circuit ... must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir.1983). In submitting entries such as "3/19/93: Worked on Mermelstein," plaintiff simply does not adequately set out the nature of the work done. *See Soler v. G & U, Inc.*, 658 F.Supp. 1093, 1099 (S.D.N.Y. 1987) ("The Court must be informed of the purpose of the various services claimed in order to evaluate their reasonableness.").

I recognize that by awarding fees and costs in remand orders, courts may "discourage improper removal and compensate plaintiffs for unnecessary litigation costs." *Moore v. Kaiser Foundation Hospitals, Inc.*, 765 F.Supp. 1464, 1466 (N.D.Cal.1991). There are, however, important countervailing policies at stake as well—such as the possible chilling effect on defendants' exercise of their right to a federal forum. In any event, fee shifting is not appropriate where, as here, plaintiff has failed to demonstrate that defen-

---

Local Rule 3(b) of the Southern District of New York provides:
> Upon any motion, the moving party shall serve and file with the motion papers a memorandum setting forth the points and authorities relied upon in support of the motion divided, under appropriate headings, into as many parts as there are points to be determined.... Failure to comply may be deemed sufficient cause for the denial of the motion....

Plaintiff's motion did not comply with this Rule. Although plaintiff did submit a reply memorandum, it is up to the moving party to provide initial support for the requested relief, so that the opposing party may duly respond. Defendants

were hampered in their ability to understand, and respond to, plaintiff's position by plaintiff's failure to notify them of the basis for their motion, and the legal support, as required by Local Rule 3(b).

**3.** Defendants' papers suffer from the same omissions.

**4.** The July 2, 1993 letter of Joseph T. Mullen, Jr., discussing several typographical errors in the Memorandum of Law in favor of plaintiff's application for costs, was appreciated, but only touched on three out of many errors.

dants acted in bad faith, plaintiff failed to proffer clear, well-supported arguments in opposition to the removal, plaintiff violated a Local Rule of this Court, and where, as here, the plaintiff's motion papers and documents supporting the fee application are of a quality that should not be rewarded.

Defendants' counsel should take note of these admonishments as well. Indeed, had defendants removed more promptly, instead of waiting until what they erroneously believed was the last permissible moment to remove, they would have prevailed in their choice of forum and they would have avoided the time and expense of remand. All counsel in this action would be well advised to pay closer attention to deadlines, to conduct more careful legal research, to keep accurate contemporaneous time records, and to comply with all Local Rules.

## II. *Conclusions*

For the reasons stated above and in my Opinion and Order dated May 20, 1993, and based on the evidence presented at the hearing on June 28, 1993, plaintiff's motion to remand is **GRANTED** and the application for costs and fees is **DENIED.** The Clerk of the Court is directed to remand this action to the Supreme Court of the State of New York, County of Bronx.

**SO ORDERED.**