In the Matter of the Application of BRAD-LEY INDUSTRIAL PARK, Dayho Motel Corp., FADB Realty Corp., Piermont Landing Property Owners Assoc., Inc., Tappan Property, Inc., Vincent Hosang, Peter Graziano, Michalina Carbone, Nice–Pak Products, Inc., and Others, Plaintiff–Petitioners,

v.

The COMMISSIONER OF EDUCATION, Dr. A. Glen Everhart, Dr. Morton Sherman, South Orangetown Central School District, Dr. William Heebink, Clarkstown Central School District, Defendant–Respondents.

No. 95–CV–860.

United States District Court, N.D. New York.

Feb. 20, 1996.

Office of Donald Brenner, Tappan, New York (Donald Brenner, of counsel), for Plaintiff.

O'Connell, Riley Law Firm, Pearl River, New York (Thomas F. O'Connell, of counsel), for Defendant Everhart.

Office of Raymond Kuntz, Bedford Village, New York (Raymond G. Kuntz, of counsel), for Defendants Sherman, South Orangetown Central, Heebink, and Clarkstown Central.

## MEMORANDUM–DECISION and ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

**Plaintiffs,** a coalition of "non-homestead real property owners," allege that **defendants** either instituted or approved a school district boundary change whereby plaintiffs' properties would be transferred from the South Orangetown Central School District to the Clarkstown Central School District. Plaintiffs claim that this action is illegal because it is not authorized by the Department of Education or New York law. Plaintiffs also claim pursuant to 42 U.S.C. § 1983 that the boundary change, by increasing non-homestead parcel taxes 45 percent, constitutes an unconstitutional deprivation of property interests under the Fifth and Fourteenth Amendments.

Plaintiffs submitted three separate appeals to the Commissioner of Education in March, 1995, all of which are still pending. On May 11, 1995, plaintiffs commenced an Article 78 proceeding in New York State Supreme Court, and the Hon. James Canfield issued a stay of the boundary change and tax increase from May 19, 1995, until August 1, 1995. Defendants subsequently appeared before the Appellate Division, Third Department, seeking to have the stay vacated. The Appellate Division denied the motion without opinion on June 6, 1995, whereupon defen-

dants removed the action to this Court on the basis of plaintiffs' asserted cause of action under Section 1983.

In a previous Memorandum–Decision and Order, *Bradley Indus. Park v. Commissioner of Educ.*, 1995 WL 760824 (N.D.N.Y. Nov. 14, 1995), the Court granted a motion by plaintiffs to remand the case to New York State Supreme Court, Albany County, pursuant to the abstention doctrine promulgated in *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 498–500, 61 S.Ct. 643, 644–45, 85 L.Ed. 971 (1941). Plaintiffs now move pursuant to 28 U.S.C. § 1447 for an award of attorneys' fees related to the remand motion. Section 1447(c) reads in pertinent part:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under [28 U.S.C. § ] 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. . . . .

28 U.S.C. § 1447(c). Defendants argue in opposition that Section 1447(c) is not applicable in this case because the Court has not found that it lacks subject matter jurisdiction, but has only abstained from exercising it.

## II. DISCUSSION

### A. RELEVANCE OF SECTION 1447(c)

Plaintiffs are correct that the holding of *Mermelstein v. Maki*, 830 F.Supp. 184, 185–86 (S.D.N.Y.1993), lends some support to their position and contradicts that of defendants. In *Mermelstein*, Judge Sotomayor concluded that "there is nothing in the language of the [costs and attorneys' fees] sentence [of Section 1447(c) ] to suggest that it only applies to remands based on lack of subject matter jurisdiction." *Mermelstein*, 830 F.Supp. at 185. Rather, that part of the statute "references orders of remand, with-

out limitation—and therefore those provisions apply to all such orders." *Id.*

In arguing that the costs and fees provision was limited to remands predicated on the grounds set forth in Section 1447(c), the defendants in *Mermelstein* relied on a case in which the Second Circuit, while discussing the 1988 revisions to Section 1447(c), stated that

> the statute as amended makes no reference at all to the state of mind or intent of the party removing the action, instead focusing strictly on the mere absence of subject matter jurisdiction. The amendment also added to the statute an explicit reference to attorneys' fees as part of the costs that may be awarded.

*Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 923 (2d Cir.1992). The defendants isolated the reference "focusing strictly on the mere absence of subject matter jurisdiction" to argue that costs and fees only may be awarded where subject matter jurisdiction is lacking. Judge Sotomayor disagreed, however, finding that "it is clear that the Second Circuit found no such limitation on awards of fees and costs." *Mermelstein*, 830 F.Supp. at 186.

■ Upon consideration of the relevant caselaw, the Court believes that it is *not* clear that the Second Circuit found no such limitation on awards pursuant to Section 1447(c). In fact, the Court reaches essentially the opposite conclusion: the Second Circuit *has* limited the recovery of costs and fees to cases where subject matter jurisdiction is lacking—or where defects in the removal process have occurred. In other words, no part of Section 1447(c), including the costs and fees provision, applies unless the case was remanded for one of the two reasons enumerated in the first part of the section.[1] Although the Second Circuit has never held as much in unequivocal terms, a reading of the cases reveals that this outcome is the one most likely intended.

The only apparent support for the *Mermelstein* holding that is binding on this

---

1. The Supreme Court has held that Section 1447(c) does not contain all the permissible grounds for remand. *Carnegie–Mellon Univ. v.* *Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 622, 98 L.Ed.2d 720 (1988). *Accord Rothner v. City of Chicago*, 879 F.2d 1402, 1406 (7th Cir.1989).

Court can be found in the *Morgan* case. There, the district court had concluded that a motion for attorneys' fees "requires application of a test of 'overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties.'" *Morgan*, 971 F.2d at 924 (quoting *Morgan Guar. Trust Co. of New York v. Republic of Palau*, 767 F.Supp. 561, 563 (S.D.N.Y.1991)). In affirming the judgment, the Second Circuit simply found that such a test did not represent an abuse of the district court's discretion, given that Section 1447(c), "particularly the reference that an order remanding the case '*may* require payment' of costs and fees ... affords a great deal of ... flexibility to the district courts...." *Morgan*, 971 F.2d at 924 (emphasis in original).

■ To find that the *Morgan* language supports the argument that the costs and fees provision of Section 1447(c) "references orders of remand, without limitation" appears to be somewhat of a stretch. Although attorneys' fees were granted in *Morgan*, the suit had been remanded to state court because subject matter jurisdiction was lacking in the federal court, and for no other reason. Furthermore, the discretion and flexibility alluded to by the Second Circuit in *Morgan* appears to be linked to the fact that a district court can choose not to award attorneys' fees even if it has remanded a case (1) where subject matter jurisdiction is lacking, or (2) where defects in the removal process have occurred.[2] From the Court's perspective, such flexibility does not authorize an award of costs and fees in *any* case where remand has occurred.

Contradicting the very tenuous support for the *Mermelstein* holding in *Morgan* are several cases that lead the Court to its conclusion that no part of Section 1447(c) applies unless the case was remanded for one of the two reasons enumerated in the first part of the section. First, in determining whether a given remand order was immune from appellate review pursuant to 28 U.S.C. § 1447(d), the Supreme Court has found that

> [Sections 1447(d) and] 1447(c) must be construed together.... These provisions, like their predecessors, "are *in pari materia* [and] are to be construed accordingly rather than as distinct enactments...." This means that only remand orders *issued under § 1447(c) and invoking the grounds specified therein*—that removal was improvident and without jurisdiction—are immune from review under § 1447(d).

*Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 345–46, 96 S.Ct. 584, 590–91, 46 L.Ed.2d 542 (1976) (emphasis added) (citations omitted).[3] This language reveals that Section 1447(c) should be taken as a cohesive unit, so that the sentence authorizing costs and fees cannot be separated, as it was in *Mermelstein*, from the prior sentences that refer to specific grounds for remand.

The Court has found two cases in the Second Circuit consistent with such a result. First, whether Section 1447(d) barred review of a remand order was once again an issue in *Corcoran v. Ardra Ins. Co. Ltd.*, 842 F.2d 31 (2d Cir.1988). In remanding, "the district court did not suggest that it lacked jurisdiction or that the action had not been removed in accordance with the prescribed procedures." *Id.* at 34. Rather, as here, the court decided to remand under an abstention doctrine, albeit *Burford* abstention rather than *Pullman* abstention. *See Burford v. Sun Oil Co.*, 319 U.S. 315, 333–34, 63 S.Ct. 1098, 1107–08, 87 L.Ed. 1424 (1943) (holding that federal courts should refrain from interfering with complex state regulatory schemes). In the end, the Second Circuit ruled that "[because] the remand was not based on the grounds provided by 28 U.S.C. § 1447(c), our review of the remand order is not barred by § 1447(d)." *Corcoran*, 842 F.2d at 34. Thus the court essentially decided that abstention remands are not covered by Section 1447(c).

---

**2.** In other words, even when a remand is based on one of the two grounds explicitly set forth in Section 1447(c), the Court still has the discretion not to award costs and fees.

**3.** Admittedly, *Thermtron* was decided before the 1988 revisions to Section 1447(c). The Court does not believe that the revisions altered the relevance of the case, however, other than in regard to the "removal was improvident" language. *See In re Adm'rs of the Tulane Educ. Fund*, 954 F.2d 266, 269 (5th Cir.1992).

In an even more recent case where the applicability of Section 1447(d) had to be determined, the Second Circuit appeared to reaffirm the notion that Section 1447(c) only applies to remands based on flawed removal procedures or lack of subject matter jurisdiction. *See Travelers Ins. Co. v. Keeling,* 996 F.2d 1485, 1488 n. 2 (2d Cir.1993). The *Travelers* court found that, based on *Thermtron,* the appealability of the remand order in question was not barred by Section 1447(d). In other words,

> the Supreme Court has held that [Section 1447(d)] applies only to remand orders issued pursuant to § 1447(c), which provides that "if it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Here, the remand order was based upon a waiver of the right of removal, not a lack of subject matter jurisdiction. Accordingly, [*Section 1447(c) does not apply* and] § 1447(d) does not bar review.

*Travelers,* 996 F.2d at 1488 n. 2 (quoting *Thermtron,* 423 U.S. at 346, 96 S.Ct. at 590) (emphasis added). Borrowing from the language of *Mermelstein,* "there is nothing in the language of [these cases] to suggest that [the costs and fees provision of Section 1447(c)] applies to remands based on [anything other than] lack of subject matter jurisdiction [or flawed removal procedures]." *Cf.* 830 F.Supp. at 185.

### B. ANALYSIS OF THE INSTANT REMAND

■  Consequently, in order to determine whether Section 1447(c) applies to the remand at issue in this case, the Court must ascertain whether the remand was based on lack of subject matter jurisdiction or a flawed removal procedure. The Court remanded here under the *Pullman* abstention doctrine, rather than under either of the two Section 1447(c) bases. As a result, the remand was not accomplished pursuant to Section 1447(c) [4] and the Court is not authorized to award attorneys' fees to plaintiffs under that statute, even though their requested amount appears reasonable. Plaintiffs counter that "the remand ... was final. [T]he argument that this Court maintains some sort of inchoate ... jurisdiction over this matter ... is clearly incorrect." (Pls' Reply Mem. at 8.)

■  Unfortunately for plaintiffs, the argument is not incorrect. In an abstention case, the court typically is not abstaining because it lacks subject matter jurisdiction. Rather, under such circumstances the court has jurisdiction but is *abstaining from exercising it* due to certain policy rationales [5]—for example, in order to avoid a constitutional ruling when a state court decision may make it unnecessary. *See, e.g., Corcoran,* 842 F.2d at 34 (in remanding, "the district court did not suggest that it lacked jurisdiction"); *Weisman v. Southeast Hotel Properties Ltd. Partnership,* 1992 WL 131080, *4 (S.D.N.Y. June 1, 1992) (treating abstention as an alternative to remand for lack of jurisdiction); *Cristina v. Department of State of State of New York,* 417 F.Supp. 1012, 1017 (S.D.N.Y.1976) (noting that an abstaining federal court has jurisdiction but is declining to exercise it). In this case the Court simply did not find that it lacked subject matter jurisdiction. The Court decided instead that, although it *could* make a constitutional ruling to resolve the issues at stake, it would abstain from doing so because a state court decision may make such action unnecessary.[6]

---

**4.**  Several other authorities support this conclusion. *See, e.g., Allstate Ins. Co. v. Longwell,* 735 F.Supp. 1187, 1190 (S.D.N.Y.1990) ("under § 1447(c) remand is proper only where a case has been 'improperly removed and without jurisdiction' (*which does not include abstention*)") (quoting 1A J. Moore, B. Ringle, & J. Wicker, *Moore's Federal Practice* ¶ 0.157[1.–4] at 45–46) (emphasis added).

**5.**  Where remand occurs on abstention grounds, the fact that federal courts are remanding only for policy reasons—and not because the case never should have been in federal court in the

first place—may explain why such remands are not included among the types of remands for which costs and attorneys' fees are authorized in Section 1447(c).

**6.**  In support of their argument, plaintiffs note that "this Honorable Court clearly failed to retain jurisdiction by denying the defendants' motion to dismiss as moot." The Court apologizes for any confusion this dismissal may have caused and consequently will amend its previous Memorandum–Decision and Order in that defendants' motion was dismissed not because it was moot, but because it was not ripe.

## III. CONCLUSION

This case was remanded to state court pursuant to the *Pullman* abstention doctrine, and not pursuant to 28 U.S.C. § 1447(c). Thus Section 1447(c) does not authorize the Court to award costs and attorneys' fees to the party that sought remand. Plaintiffs' motion for such an award is hereby DENIED. Finally, the Court's Memorandum–Decision and Order dated November 14, 1995, is hereby AMENDED in that defendants' motion was dismissed not because it was moot, but because it was not ripe.

**IT IS SO ORDERED.**